UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

Case No. 3:20-CR-86-J-32JBT

v.

CHRISTIAN FLETCHER, *et al.*,

Defendants.
_____/

### NON-PARTY, BLUE CROSS BLUE SHIELD OF FLORIDA, INC.'S MOTION TO QUASH, IN-PART, DEFENDANT, CHRISTIAN FLETCHER'S SUBPOENA *DUCES TECUM*

Non-party Blue Cross Blue Shield of Florida, Inc. ("Florida Blue"), pursuant to Rules 16(d)(1) and 17(c), Federal Rules of Criminal Procedure, moves this Court for entry of an Order quashing, in-part, Defendant, Christian Fletcher's Subpoena *Duces Tecum* (the "Subpoena"), or, in the alternative, for a protective order restricting Fletcher's access to Florida Blue's highly sensitive, proprietary, and confidential business information and the Protected Health Information ("PHI") of its members. In support of this Motion, Florida Blue states:

### BACKGROUND

This proceeding involves allegations that the Defendants, including Fletcher, conspired to defraud Florida Blue and other insurers by submitting

fraudulent claims for urine and blood testing from in-network rural hospitals when the tests were actually performed by different, out-of-network laboratories.

On April 30, 2021, this Court entered an Order granting Fletcher's Motion to Reissue a Pretrial Subpoena *Duces Tecum* to Florida Blue (the "Subpoena"). See Dkt. 314. A true and correct copy of the Subpoena is attached hereto as **Exhibit A**. The Subpoena contains a single broad request, which seeks:

> All books, papers, documents, data, or other objects reflecting the in-network and out-of-network rates that existed between May 2015 and February 2018.

Florida Blue was served with the Subpoena on May 28, 2021. Florida Blue's formal response to the Subpoena is not due to be served until June 18, 2021. Florida Blue understands that other non-parties were served with identical subpoenas before Florida Blue was served. Florida Blue has reviewed Motions that the Anthem Entities (Dkt. 317) and United (Dkt. 318) filed relating to the scope of the subpoenas, as well as Fletcher's responses (Dkt. 319, 320). Having been recently served, Florida Blue has also participated in the meet and confer conferences among the Government, Defendants, the Anthem Entities and United regarding the subpoenas. Finally, Florida Blue is aware of this Court's May 26, 2021 Order (Dkt. 324) requiring further briefing regarding certain categories of records that may be

responsive to Fletcher's subpoenas. Therefore, although Florida Blue has not had an opportunity to fully participate in the briefing and meet and confer process, Florida Blue has elected to meet the June 9 deadline for further briefing set by the Court in its Order so that the Court has the benefit of Florida Blue's position when making its rulings on the pending motions. As detailed below, Florida Blue adopts many of the arguments that non-parties United (Dkt. 318) and the Anthem Entities (Dkt. 317) assert in their respective Motions, and Florida Blue opposes the production of the fifth Category ("Fifth Category") of records that Fletcher seeks.

## **LEGAL STANDARD**

To seek pretrial production of documents, Fletcher must show: (1) the documents requested are evidentiary and relevant; (2) the documents are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) the requesting party cannot properly prepare for trial without production and inspection of the documents in advance of trial and failure to obtain the documents may tend unreasonably to delay the trial; and (4) the application is made in good faith and is not intended as a general "fishing expedition." United States v. Gow, No. 17-cr-16-FTM-29CM, 2018 WL 6618654, at *4 (M.D. Fla. Dec. 18, 2018) (citing United States v. Nixon, 418 U.S. 683, 699-700 (1974)).

The United States Supreme Court has held that a party seeking production must satisfy three requirements: (1) relevance; (2) admissibility; and (3) specificity. Nixon, 418 U.S. at 700. A subpoena that fails to satisfy these three requirements will be deemed unreasonable or oppressive. United States v. Libby, 432 F. Supp. 2d 26, 31 (D.D.C. 2006).

Rule 17 is not a discovery device, but "merely an aid for obtaining relevant and evidentiary materials which the moving party plans to use at trial or in some other court proceeding." United States v. Noriega, 764 F. Supp. 1480, 1492 (S.D. Fla. 1991). "On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2). The burden is on the party requesting the documents to show good cause for production before trial. United States v. Iozia, 13 F.R.D. 335, 338 (S.D.N.Y. 1952).

## II. Florida Blue Agrees to Produce Four (4) Categories of Records that are Addressed in the Court's May 26 Order and in the Anthem Entities' Motion to Quash.

As detailed above, Florida Blue was served with the Subpoena later in time than United and the Anthem Entities. However, Florida Blue has reviewed the briefing that has been submitted and it is aware of the current state of the meet and confer process on these matters. Upon consideration of the issues, Florida Blue states that it is willing to produce the four (4) categories of documents that the Anthem Entities addressed in their Motion

4

to Quash, subject to certain limitations and modifications discussed herein. See Dkt. 317 at 5-6. The categories are:

1. De-identified (*i.e.*, HIPAA-compliant) claims data from May 1, 2015 to February 29, 2018 for the laboratories identified in the Superseding Indictment (*i.e.*, Reliance Labs, Pinnacle Labs, LifeBrite Labs), reflecting the amounts paid by Florida Blue for tests billed directly under those laboratories' Tax Identification Numbers;

2. De-identified (*i.e.*, HIPAA-compliant) claims data from May 1, 2015 to February 29, 2018 for any other lab not named in the Superseding Indictment, but which performed tests that were billed to Florida Blue by Campbellton-Graceville (CGH) or Regional General (Williston), reflecting amounts Florida Blue paid for tests billed directly under any such lab's Tax Identification Number;

3. De-identified (*i.e.*, HIPAA-compliant) claims data from May 1, 2015 to February 29, 2018 for additional laboratories that the Defendants or Government identify to Florida Blue as having performed tests that were billed to Florida Blue through Campbellton-Graceville (CGH) or Regional General (Williston) that are at issue in this matter; and

4. Out-of-network laboratory fee schedules for Florida that were in effect between May 1, 2015 and February 29, 2018.

Florida Blue would be willing to produce records responsive to the Second Category identified above, but unlike the Anthem Entities, Florida Blue is not aware of any additional labs not named in the Superseding Indictment that performed tests that were billed to Florida Blue by the named facilities. Therefore, although Florida Blue's investigation is ongoing, there may not be any responsive documents to the Second Category. As to the Third

5

Category, Florida Blue states that the Government and/or Fletcher have not yet identified any additional laboratories that would be responsive, but Florida Blue would be willing to produce documents if additional laboratories are made known to Florida Blue. In the event any additional list becomes voluminous however, Florida Blue reserves its right to supplement its response to assert appropriate objections.

### III. Fletcher's Request for a "Fifth Category" Consisting of All Documents Reflecting Rates Paid to In-Network and Out-of-Network Providers is Overbroad, Unduly Burdensome, and Otherwise Improper.

Florida Blue believes that the four (4) categories identified above are more than sufficient to provide Fletcher with all of the records that may be relevant or material. However, as the Court discussed in its May 26 Order (Dkt. 324 at 2), Fletcher seeks a fifth category of records from the Anthem Entities:

> de-identified (i.e., HIPAA-compliant) claims data from May 1, 2015 to February 29, 2018 for all in-network and out-of-network laboratory providers in Missouri and Georgia, reflecting the amounts paid by Anthem.

Although this Fifth Category was addressed in relation to the Anthem Entities, Florida Blue likewise objects to the production of all claims data for all in-network and out-of-network laboratory providers *in Florida*, reflecting the amounts paid by Florida Blue.

The Superseding Indictment alleges that the Defendants caused claims

6

to be submitted to Florida Blue through certain "Rural Hospitals" "in order to take advantage of [the Rural Hospitals'] in-network contracts, under which the Rural Hospitals were reimbursed at significantly higher rates than the out-of-network, independent laboratories where most of the testing took place." Dkt. 180.

As framed, the Fifth Category seeks voluminous information that is not limited to the hospitals and labs that are at issue. Rather, the request, as framed, would require Florida Blue to produce claims data for every single laboratory provider in Florida for a period of nearly three years. These documents would have no bearing on the issues in this matter. "Irrelevant evidence is not admissible." Fed. R. Evid. 402. "Evidence is relevant if . . . the fact is of consequence in determining the action." Fed. R. Evid. 401(b). Among other concerns, Fletcher's Subpoena would cover thousands of types of testing and other laboratory services that have nothing to do with the issues in this case. Moreover, Fletcher has not provided sufficient justification as to how the documents sought are relevant to his defenses. Further, as capably argued by United in its Motion (Dkt. 318 at 6-7) the broad document request does not seek documents that are material to the elements of the offenses that have been charged.

As detailed in the Declaration of Sylvia Dornes ("Dornes Dec."), attached hereto as **Exhibit B**, compliance with the Fifth Category would require the

7

production of proprietary, confidential, and trade-secret protected data. The Subpoena seeks claims-related information involving millions of payments made under many agreements between Florida Blue and its in-network testing providers. Id. at ¶ 5. Florida Blue considers these agreements and the amounts paid thereunder to be highly confidential and proprietary trade secrets. Id. Florida Blue actively protects this information and documents from disclosure to third parties. Id.

Moreover, compliance with the Subpoena would be oppressive and unduly burdensome. Florida Blue receives many thousands of benefit claims for testing every day. Id. at ¶ 6. Urine testing of the type at issue in this action is only a subset of the hundreds of types of testing records the Subpoena covers. Id. Florida Blue had approximately 100 in-network lab providers and close to 1000 out-of-network lab providers in Florida during the relevant time period. Id. In order to produce information regarding the rates that existed and/or were paid to all providers, Florida Blue would need to expend significant resources and employees' time to, among other things, review and assess applicable health plan documents to determine applicable in-network terms as well as a substantial number of documents reflecting out-of-network payments.[1] Id. There is no central repository for the information requested and

---

[1] Florida Blue was recently served with the Subpoena and is filing this Motion in an abbreviated timeframe to meet the Court's briefing deadline for the other non-party

8

compliance with the request, as worded, would require hundreds or thousands of hours of work. Id.

For all of the foregoing reasons, Florida Blue requests that the Court reject Fletcher's request for the Fifth Category of records.

## CONCLUSION

Florida Blue respectfully requests that the Court enter an Order quashing the Subpoena with the exception of the four (4) limited categories of information described herein.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Rule 3.01(g) of the Local Rules for the Middle District of Florida, counsel for Florida Blue conferred with counsel for Fletcher in an attempt to resolve the issues raised in this motion on a conference call on June 4, 2021. Fletcher opposes the relief sought in this motion.

Respectfully submitted,

*/s/ Michael A. Abel*
Michael A. Abel, Esq.
Florida Bar No. 75078
Andrew J. Steif, Esq.
Florida Bar No. 0042475
ABEL BEAN LAW, P.A.
100 N. Laura Street, Suite 501

---

insurers, as detailed above. Therefore, Florida Blue has only just begun its assessment of the work that would be required to respond to the Fifth Category. Florida Blue respectfully reserves the right to supplement the Dornes Declaration with additional detail regarding the specific burden on Florida Blue should the Court require compliance with the Fifth Category.

>Jacksonville, FL 32202
>Phone: 904-944-4100
>*mabel@abelbeanlaw.com*
>*asteif@abelbeanlaw.com*
>
>*Attorneys for Florida Blue*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 9, 2021, I electronically filed the foregoing document with the United States District Court for the Middle District of Florida by using the CM/ECF system which will send notification of such filing to all counsel of record registered in the CM/ECF system.

>*/s/ Michael A. Abel*
>*Attorney*