UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA,

v.   CASE NO. 3:20-cr-86-J-TJC-JBT

CHRISTIAN FLETCHER
_____/

## REPLY TO THE RESPONSE IN OPPOSITION TO A RULE 104 HEARING

Christian Fletcher, pursuant to this Court's Order [dkt. 483], files this reply to the government's response in opposition to a pretrial Fed. R. Evid. 104 hearing [dkt. 478]. At trial, the government intends to seek the introduction of spreadsheets of billing data ("billing data") under Fed. R. Evid. 803(6) compiled, prepared and produced by the private insurers pursuant to subpoenas issued by the government. But those spreadsheets include billing data not provided by the defendants. The private insurers (or third-party entities under their control) added to, modified, or changed the data provided by the defendants based on protocols or internal automated processes outside the control of the defendants and without their knowledge. Moreover, it appears the spreadsheets themselves were prepared solely in anticipation of litigation at the government's formal request.

Fletcher submits a Rule 104 hearing is necessary here because the government's response does not preponderate a finding that the spreadsheets are sufficiently trustworthy for admission under Rule 803(6). As noted above, the

spreadsheets do not contain the actual data billing companies submitted on behalf of entities the defendants represent, own, or operate and the spreadsheets were created in anticipation of litigation. Further, the spreadsheets of billing data could rise to the level of testimonial evidence which may raise Confrontation Clause issues. A pretrial Rule 104 hearing will provide the Court an efficient opportunity in advance of the trial to take testimony from witnesses to determine the admissibility issues raised by Fletcher and other defendants and the government's Rule 803(6) argument without interrupting/disrupting the jury trial itself, *i.e.*, by holding extensive hearings outside the presence of the jury as the jury sits idly by.

## Memorandum of Law

A. <u>The Spreadsheets of Billing Data Lack Indicia of Trustworthiness</u>

The government's response summarily asserts the claims data private insurers published into spreadsheets are business records, and therefore admissible pursuant to an exception to the general rule prohibiting hearsay. However, Rule 803(6) requires more than merely finding "the claims data spreadsheets are prepared from information submitted by providers, as well as information generated by the insurers as part of the internal claims adjudication process, all of which is kept in the ordinary course of their insurance businesses." Dkt. 478 at 1. Rule 803(6) also requires the Court to find that the spreadsheets have indicia of trustworthiness. *See United States v. Massey*, 89 F.3d 1433, 1441-42 (11th

Cir. 1996) (business records are admissible unless circumstances indicate a lack of trustworthiness). The touchstone of admissibility is trustworthiness. *See United States v. Arias-Izquierdo*, 449 F.3d 1168, 1183 (11th Cir. 2006). The trustworthiness requirement ensures "that documents were not created for personal purpose[s]…or in anticipation of any litigation so that the creator of the document had no motive to falsify the record in question." *United States v. Kaiser*, 609 F.3d 556, 574 (2d Cir. 2010).

In *United States v. Ekiyor*, 90 F. Supp. 3d 735 (E.D. Mich. 2015), the government sought to introduce, at trial, baggage logs from an airline pursuant to 803(6), but the trial court concluded the logs were not admissible as business records and were testimonial within the meaning of the Confrontation Clause. From reading the case, it appears the Court's concerns might have been alleviated if the government sought a hearing pursuant to Rule 104. The airline created the baggage log at the government's request to use at trial to prove the defendant checked a bag. *See id*. at 472. The printed log was created from data that the airline culled from its electronic holdings regarding baggage. *See id*. "These summarizing statements directed specifically at Defendant surely establish that the baggage log was prepared for use in this case, and this presumptively renders the baggage log ineligible for admission as a business record under Rule 803(6)." *Id*. (*citing Jordan v. Binns*, 71 F.3d 113, 1135 (7th Cir. 2013). The baggage log might have been

3

admissible if the spreadsheet simply contained electronically stored data kept in the normal course of business and the method used to produce the spreadsheet did not alter the relevant data. *See id*.

The record before the Court clearly calls into question the trustworthiness of the spreadsheets. The government first represented to the Court and defense that these spreadsheets were made by the private insurers using the actual billing data submitted by billing companies on the defendants' side (but not Fletcher). Now the government concedes that the spreadsheets contain data not supplied by the defendants, which was added, modified or changed (sometimes referred to as "scrubbed") by protocols or automated processes on the private insurers' side and thus contains "new" data, extrapolated and interpreted from the billing data actually provided by the defendants.

Admitting data on a spreadsheet that only exists electronically and can only be created by a user manipulating the data is a new phenomenon and poses a "substantial question of law." *United States v. Channon*, Cr. No. 13-966 JCH, 2016 WL 9488759 *2 (D.N.M. Dec. 16, 2016). Simply put, there is not a lot of case law on the issue of admitting a spreadsheet of data that is only stored electronically but altered for production. *See id*. A pretrial Rule 104 hearing will undoubtedly assist the Court in determining admissibility of the spreadsheets in an efficient, non-jury environment.

4

B. <u>Admitting the Spreadsheets May Violate the Confrontation Clause</u>

In addition, the government's use of spreadsheets of billing data apparently created by the private insurers for the government in anticipation of litigation may violate the Confrontation Clause, an issue the *Ekiyor* Court also addressed. 90 F. Supp. 3d at 743. "On the other hand, the Supreme Court has emphasized that evidence 'prepared specifically for use at…trial' generally is deemed testimonial under the Confrontation Clause." *Id.* (*quoting Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 324 (2009)). Here, unless the government can show that **ALL** the data on the spreadsheets is trustworthy and not created in anticipation of litigation and thus admissible under Rule 803(6), the government must show the spreadsheets satisfy the Confrontation Clause. *See Ekiyor*, at 743 (it is the government's burden to show the data on the spreadsheet was derived solely from raw data devoid of external input, citing *Bullcoming v. New Mexico*, 564 U.S. 647, 660 (2011)). "In this evidentiary vacuum, Defendant surely is entitled to question the basis for the Government's apparent assertion, made through its proposed introduction of [business records], that is was ***Defendant*…**" who committed acts constituting a crime. *Ekiyor*, at 745 (emphasis in original).

In *United States v. Cameron*, 699 F.3d 621 (1st Cir. 2012), the Court concluded that certain Yahoo business records were admissible while others kept in the ordinary course of business violated the Confrontation Clause because the records

5

were created to prove an event at a criminal trial. In 2007, Yahoo received an anonymous report that a user had stored child pornography on Yahoo. *See id.* at 627. A Yahoo employee preserved the images, recorded certain information its platform provided about the user, and provided that data along with user generated data to law enforcement. *See id.* at 627-29. The government sought to introduce the Yahoo data as business records. *See id.* at 633-34. While *Crawford v. Washington*, 541 U.S. 36, 56 (2004), suggested business records were generally not hearsay, business records can still run afoul of the Confrontation Clause, at 61-62. The Yahoo generated data was created solely for use at a criminal trial and was used to establish relevant facts. *See Cameron*, 699 F.3d at 649-50. That later created data was testimonial and introduced at trial in violation of the Confrontation Clause. *See id.*

The spreadsheets the government contends are simply raw EDI/837i billing data with explanations appear to have been prepared by the private insurer "victims" for criminal litigation to prove relevant facts against the defendants. "To rank as 'testimonial,' a statement must have a 'primary purpose' of establishing or providing past events potentially relevant to later criminal prosecution.'" *Bullcoming*, 546 U.S. 659, n. 6 (*quoting Davis v. Washington*, 547 U.S. 813, 822 (2006)). The government's response concedes the headers were added to explain the raw data, making the spreadsheets items prepared for trial. Once again, a pretrial Rule

104 hearing will provide the Court with a procedurally efficient means to flesh out the confrontation issue.

## CONCLUSION

Accordingly, Fletcher requests this Court order a 104 hearing.

Respectfully submitted,

| **STEVEN H. SADOW, P.C.** | **LAW OFFICES OF HORWITZ & CITRO, P.A.** |
|---|---|
| *s/ Steven H. Sadow* <br> Steven H. Sadow <br> Georgia Bar No. 622075 <br> 260 Peachtree Street, N.W. <br> Suite 2502 <br> Atlanta, Georgia 30303 <br> Telephone: (404) 577-1400 <br> Facsimile: (404) 577-3600 <br> stevesadow@gmail.com <br> Admitted Pro Hac Vice | *s/ Vincent A. Citro* <br> Vincent A. Citro <br> Florida Bar Number: 0468657 <br> 17 East Pine Street <br> Orlando, Florida 32801 <br> Telephone: (407) 843-7733 <br> Facsimile: (407) 849-1321 <br> vince@horwitzcitrolaw.com |

Attorneys for Defendant Christian Fletcher

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 5, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*s/ Vincent A. Citro*
Vincent A. Citro
Florida Bar Number: 0468657
Attorney for Christian Fletcher