UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO. 3:20-CR-86-TJC-JBT

UNITED STATES OF AMERICA,

       Plaintiff,

v.

AARON DURALL, *et al.*

       Defendants.
_____/

**NON-PARTY UNITED HEALTHCARE, INC.'S RESPONSE
TO DEFENDANT JAMES F. PORTER, JR.'S RENEWED MOTION
TO DETERMINE LEGAL SUFFICIENCY OF UNITED
HEALTHCARE'S PRIVILEGE LOG AND COMPEL
<u>UNITED HEALTHCARE TO AMEND ITS PRIVILEGE LOG</u>**

Non-Party United HealthCare, Inc. ("United"), by and through undersigned counsel, responds to Defendant James F. Porter, Jr.'s Renewed Motion to Determine Legal Sufficiency of United Healthcare's Privilege Log and Compel United Healthcare to Amend Its Privilege Log (the "Renewed Motion to Compel") (ECF No. 496), and states the following in support. Mr. Porter's Renewed Motion to Compel does not include any new arguments or support for Defendant Porter's position; it only contains corrections of typographical errors in the prior filing. *Compare* ECF No. 496 *with* ECF No. 456.

## BACKGROUND

### I. United's Privilege Log Preparation

The United States served United with a subpoena for witness testimony and production of documents. To adequately comply with the government's document production request, United undertook a lengthy and comprehensive review of over 6,000 documents from many different custodians. During the first-level review, United's counsel analyzed the documents for responsiveness and privilege. After the initial review, United's counsel conducted a second-level review of all the documents to confirm the accuracy of the first-level designations. A third level of quality control confirmed the production's efficacy before it was served on the government.

To facilitate the process and efficiently comply with the document production, United hired an independent electronic discovery vendor to manage the organization of United's documents. Once the document review was completed, United's counsel, together with the independent e-discovery vendor, prepared a privilege log that listed every privileged document withheld and identified the basis for that determination (*i.e.*, attorney-client privilege or attorney work product protection). United's privilege log identified the date the document was created or shared, the author and recipient of the document, the privilege type, and the description of the

document. *See* **Ex. A.**[1] On September 28, 2021, United produced the documents responsive to the request and its accompanying privilege log.

## II. Defendant James F. Porter, Jr.'s Concerns Regarding United's Privilege Log

On November 18, 2021, more than a month after United produced its privilege log, Defendant James F. Porter, Jr.'s counsel emailed United's counsel and stated there were deficiencies with United's privilege log. *See* **Ex. B** at 3-5 (Nov. 18, 2021 at 4:39 PM email from L. Iturra to F. al-Taie). United's counsel requested a meet and confer call to discuss the alleged deficiencies and work to resolve them where warranted. *See id.* at 3 (Nov. 22, 2021 at 11:27 PM email from F. al-Taie for United to L. Iturra for Mr. Porter). The parties negotiated a mutually agreeable meet and confer date of November 30, 2021. *See id.* at 1-2 (Nov. 23, 2021 at 1:23 PM email from L. Iturra for Mr. Porter to F. al-Taie for United).

On November 30, 2021, United's counsel and Mr. Porter's counsel met and conferred. During the call, Mr. Porter's counsel identified a few alleged deficiencies by entry on the first page of United's privilege log. United's counsel explained what appeared to be a lack of understanding of how parent/child email designations and attachments were recorded on the log. Mr. Porter's counsel acknowledged the

---

[1] Please note that the filed version of United's privilege log is on letter size paper, but the versions delivered and emailed to Magistrate Judge Toomey's Chambers are on legal size paper, as required by the Court's Orders. *See* ECF Nos. 504, 486.

explanation but nevertheless again demanded that United's counsel revise the entire log and produce an amended log. United's counsel renewed her request for more detailed information about which entries were insufficient. After the meet and confer call, United's counsel followed up with an email summarizing the November 30, 2021 conference call, United's position, and next steps to achieve a resolution:

> Good afternoon:
>
> This email is to follow up on this afternoon's conference call and your objections to UHC's privilege log. UHC believes it has complied with the Federal Rules and the standing orders in this case (none of which we have seen address the additional privilege log details you are demanding).
> (1)  several of the questions you posed on our call today, I already answered in emails exchanged with your colleague AJ Tasker (who did not join us on the call);
> (2)  that includes information regarding redactions of nonresponsive and proprietary information (such as other ongoing investigations unrelated to the instant litigation), none of which is relevant or responsive here;
> (3)  we are looking forward to receiving written objections to each of our privilege log entries, including the specific information you believe is lacking or insufficient for each entry (NB: not all documents will have a to/from if they are parent/family emails or attachments, such was the case for the samples you raised on today's call);
> (4)  once you have submitted your written objections, we will endeavor to timely respond to each in kind, either with a revision to our privilege log, or a further explanation for the log's sufficiency.

>  Please let me know if you have any questions, and for planning purposes, when we may expect your written objections to our privilege log entries. Thank you….

**Ex. B** at 1 (Nov. 30, 2021 2:34 PM email from F. al-Taie for United to L. Iturra for Mr. Porter).

Mr. Porter's counsel never responded to that email from counsel for United. Instead, on the next day, he filed motions to compel (the "Original Motions") against four of the non-party payors (*i.e.*, Blue Cross and Blue Shield of Georgia, United, RightCHOICE Managed Care, and Florida Blue), which raised seemingly identical alleged deficiencies in each non-party payor's respective privilege log. *See* ECF Nos. 455-58. United filed a timely response in opposition to Mr. Porter's motion. *See* ECF No. 475. On December 28, 2021, the Court denied the Original Motions without prejudice and ordered Mr. Porter "to fully and adequately confer[] with the Non-Parties as to each item in dispute, either in person or by extended telephone or videoconference." ECF No. 486 at 1-2. The Court also ordered the conferences to begin, at the initiation of Mr. Porter, no later than January 4, 2022. *Id.*

Mr. Porter's counsel contacted United's counsel to schedule a *joint* meet and confer *with other non-party payors* regarding the privilege logs and stated "[w]e believe an entire day will need to be allotted for the conferral conference." **Ex. C** at 1 (Dec. 28, 2021 email from L. Iturra for Mr. Porter to F. al-Taie for United and counsel for other third-party payors). United declined to participate in a joint all-

5

day meeting with other non-party payors and instead sought an independent meet and confer process to address the alleged deficiencies in United's privilege log. **Ex. D** at 2-3 (Jan. 3, 2022 at 5:47 PM email from F. al-Taie for United to L. Iturra for Mr. Porter).

Counsel for United reiterated:

> We believe our log to be legally sufficient. When we last conferred with your team by phone, on November 30, 2020, we asked for a line-by-line breakdown of every concern you had with UHC's log so that we could address defendants' concerns in good faith. Our email commemorating that request is attached. [Ex. C.] Defendants did not respond to our email. Rather than provide that information, you all filed a motion, to which we replied. From my read of the court's order ruling on defendants' motion, the court supports that view that a detailed discussion would be necessary and that UHC's requests for additional information should be met. So, I now renew my request, again. For efficiency's sake, can you send us the mark up of our log to lodge the concerns you have prior to our meet and confer call? We remain willing to work out any insufficiencies on our log but need to fully understand your concerns and want to see them in writing, as we have repeatedly requested. That will permit us an opportunity to proactively address any specific concerns.

*Id.*[2]

Contrary to Mr. Porter's assertion in his Notice to the Court (ECF No. 495), his counsel has not "addressed each deficiency in dispute." Mr. Porter's counsel has noted *some* alleged deficiencies in United's privilege log, which United explained

---

[2] Counsel for Mr. Porter's response was to attach samples of privilege logs for other third-party payors and demand that United conform its privilege log to those samples. *See* Ex. D. Ultimately, the undersigned counsel for United did not review the other third-party payors' privilege logs due to concerns regarding confidentiality and whether it was appropriate for Mr. Porter's counsel to provide them to United's counsel in the first instance.

were not deficiencies, but he has not identified "each item in dispute," as required by this Court. Moreover, Mr. Porter states that his counsel "has exhausted every effort to meet and confer with the Nonparty Insurance Companies"—including United—but this statement is not supported by the factual record. ECF No. 495. After United's counsel noted its unavailability on the suggested conferral date, Mr. Porter's counsel neither offered additional dates nor sought to communicate with United's counsel by other means. *See* **Ex. D** at 3 (F. al-Taie for United to L. Iturra for Mr. Porter on January 3, 2022: "I am in a deposition all day tomorrow and cannot meet then. Please propose alternative dates and times.") Instead, Mr. Porter filed another motion eleven days later.

On January 14, 2022, Mr. Porter filed another round of renewed motions (the "Renewed Motions") against three of the non-party payors: Blue Cross and Blue Shield of Georgia, United and RightCHOICE Managed Care. As to United, Mr. Porter's Motion raised the **same** arguments made in the prior motion. On January 19, 2022, the Court stated Mr. Porter's Renewed Motions would be taken under advisement. To date, United has not received any subsequent communication from Mr. Porter's counsel to confer on the outstanding issues.

## LEGAL STANDARD

A person withholding subpoenaed information under a claim of privilege or work product protection must "expressly make the claim" and "describe the nature

7

of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." *BankUnited, N.A. v. Milliman, Inc.*, No. 8:15-CV-1357-T-33TBM, 2015 WL 13333210, at *2 (M.D. Fla. Nov. 10, 2015) (citations omitted). Generally, a subpoenaed person or entity asserting the attorney-client privilege produces a privilege log identifying "each document and the individuals who were parties to the communications with sufficient detail to permit the compelling party or court to determine if the privilege is properly claimed." *Spitznagel v. R & D Italia, LLC*, No. 2:09-CV-824-FTM, 2011 WL 940052, at *4 (M.D. Fla. Mar. 17, 2011).

The standard for determining "the adequacy of the privilege log is whether, as to each document, it sets forth specific facts that, if credited, would suffice to establish each element of the privilege or immunity that is claimed." *CSX Transp., Inc. v. Admiral Ins. Co.*, No. 93-132-CIV-J-10, 1995 WL 855421, at *3 (M.D. Fla. July 20, 1995) (citations omitted). Blanket claims of privilege are insufficient. *See Universal City Dev. Partners, Ltd. v. Ride & Show Eng'g, Inc.*, 230 F.R.D. 688, 695 (M.D. Fla. 2005).

## ARGUMENT

### I. United's privilege log sufficiently identifies each document or communication that was withheld or redacted subject to a claim of privilege or work product protection.

Mr. Porter continues to argue that United's privilege log is legally insufficient and fails to meet the minimum standards required by this Court. These assertions are incorrect for several reasons.

First, notwithstanding the time constraints imposed by the Government's subpoena, United reviewed over 6,000 documents and determined which non-privileged, responsive documents may be produced. After conducting the first- and second-level reviews, United produced a twenty-seven-page privilege log detailing each document that was withheld or redacted based on attorney-client privilege and/or attorney work product protection. *See* **Ex. A**. Despite not being a named party to the present action, United complied with its legal obligations and timely produced the privilege log in good faith to inform the government and Defendants which documents had not been produced pursuant to their privileged or work product nature.

Second, the privilege descriptions used for each entry in the privilege log properly explained the nature of the privilege. United appropriately identified whether each document or communication was withheld subject to the attorney-client privilege or work product protection. In addition, United also provided a brief

9

description for each entry that explained why the document or communication was privileged. For example, in separate entries, United described whether the document was distributed internally within the company to provide information necessary for counsel to offer legal advice or whether the document was reflecting legal advice from in-house counsel. *See* **Ex. A**. Those descriptions provide enough information to demonstrate the nature of the privilege being asserted. *Cf. CSX Transp.*, 1995 WL 855421, at *3 (noting that a document described as "[c]onfidential attorney work product concerning environmental claims made in connection with Berks Associates, Douglassville, PA site" was a conclusory statement because it merely defined the document as "attorney-client communication or attorney work product"). Moreover, the privilege descriptions also identify what types of documents that were withheld (*e.g.*, email, presentation, spreadsheet or memorandum).

Third, Mr. Porter reiterated his concern about redactions that were applied to various documents listed on the privilege log. Documents containing partially privileged information that is redacted must be listed in a privilege log. *Roger Kennedy Constr., Inc. v. Amerisure Ins. Co.*, No. 6:06–cv–1075–Orl–19KRS, 2007 WL 2028859, at *1 n.1 (M.D. Fla. July 9, 2007). Similarly, information in a document that is proprietary, confidential, or constitutes a trade secret may also be redacted. *Robles v. GEICO Indem. Co.*, No. 8:19-cv-1293-T-60AAS, 2020 WL 3895475, at *4 (M.D. Fla. July 10, 2020).

As shown on the privilege log, United identified documents or communications that were redacted pursuant to the attorney-client privilege or work product protection. *See* **Ex. A**. The redactions were accurately listed in the log with the corresponding BATES numbers. *See id.* During the conferral on November 30, 2021, Mr. Porter's counsel inquired about certain redacted documents that had been produced but were not included in the log. United's counsel responded that the redactions applied to those documents were due to proprietary and confidential business information—not pertinent to this case—and had been approved by this Court. *See* ECF No. 403.

Fourth, Mr. Porter claims that United's privilege is legally insufficient because it does not meet the requirements established by the Standing Orders of other federal judges in the Middle District of Florida. As correctly acknowledged by Mr. Porter, those Standing Orders were drafted by ***other*** federal judges. As such, the referenced Standing Orders apply to parties in cases where the assigned Magistrate Judge drafted the Standing Order or where the presiding judge expressly states the Standing Orders apply. *See Davalos v. Princeton Excess & Surplus Lines Ins. Co.*, No: 6:20-cv-1082-CEM-GJK, 2021 WL 2315034, at *2 (M.D. Fla. June 7, 2021) (stating that the undersigned directed counsel to comply with Magistrate Judge Kelly's Standing Order Regarding Privileged and Protected Information); *Heckenberg v. Artemis Lifestyles Servs., Inc.*, No. 6:20-cv-96-GAP-GJK, 2021 WL

11

2939949, at *2 (M.D. Fla. June 1, 2021) (ordering Defendants to comply with Magistrate Judge Kelly's Standing Order Regarding Privileged and Protected Information). Neither Judge Corrigan nor Magistrate Judge Toomey has issued an order adopting the Standing Orders of Magistrate Judge Kelly, Magistrate Judge Spaulding, or Magistrate Judge Hoffman.

To the extent there may be deficiencies in United's privilege log, which were acknowledged by both counsel for United and Mr. Porter, they will be promptly addressed. For example, during the telephonic meet and confer, Mr. Porter's counsel stated he was concerned that some entries did not identify an author or recipient. United's counsel explained that was caused by the "parent/child" nature of the documents on the electronic database, but United is amenable to revision of the log as necessary.

## II. United has suffered undue burden and expense reviewing the documents for production and preparing its privilege log.

To sufficiently comply with the subpoena, United undertook considerable expense to review all the potentially responsive documents in the limited time frame provided. United even hired an independent vendor and used a customizable program to prepare the documents for production and produce the privilege log. The Government has not objected to United's privilege log, which provides further support for United's position that the log is sufficient.

When counsel for United and Mr. Porter originally conferred, Mr. Porter's counsel refused to thoroughly review United's privilege log and provide a list of each allegedly deficient entry. Even after the Court's December 28th Order stating Mr. Porter and United must "fully and adequately confer[]…as to each item in dispute," Mr. Porter's counsel maintained the position that conducting a detailed review of the privilege log is a "total waste of the limited resources Defendant Porter has available to defend him." ECF No. 486; Renewed Mot. at 7-8. This Court ordered Mr. Porter to attempt to resolve the outstanding issues relating to the privilege logs, but he has failed to comply.

Mr. Porter's counsel fails to acknowledge that United is not a party to this case and has only participated pursuant to the subpoenas it has received. Notwithstanding its status as a non-party, United has complied with each requirement that has been imposed upon it. Although Mr. Porter and his counsel state that they neither have the time nor the resources to conduct a detailed review of the privilege log, by the same token, they believe United should meticulously revise each entry in the log and provide a detailed amended privilege log. Mr. Porter and his counsel should not be allowed to seek such unreasonable and unjust relief.

61841808;4

## CONCLUSION

WHEREFORE, United respectfully requests that this Court enter an order finding that United's privilege log sufficiently met the requirements of the Federal Rules, or for such additional relief as the Court deems appropriate.

## **LOCAL RULE 3.01(g) CERTIFICATION**

Pursuant to Rule 3.01(g) of the Local Rules for the Middle District of Florida, counsel for United conferred with counsel for Mr. Porter to resolve the issues raised in this motion on January 5, 2022 and again on January 28, 2022. Mr. Porter opposes the relief sought in this motion.

Date: January 28, 2022

Respectfully submitted,

**AKERMAN LLP**

By: */s/ Ferdose al-Taie*
**Ferdose al-Taie, Esq.** (*pro hac vice*)
District of Columbia Bar No. 467730
Maryland Bar No. 112110013
Texas Bar No. 24106644
ferdose.al-taie@akerman.com
2001 Ross Avenue, Suite 3600
Dallas, Texas 75201
Telephone: (214) 720-4308

**Irene Bassel Frick, Esq.**
Florida Bar No. 0158739
irene.basselfrick@akerman.com
nicole.emmett@akerman.com
AKERMAN LLP
401 East Jackson Street, Suite 1700
Tampa, Florida 33602
Telephone: (813) 223-7333

**Carmen Ortega-Rivero, Esq.**
Florida Bar No. 1025996
carmen.ortega-rivero@akerman.com
Three Brickell City Centre
98 Southeast Seventh Street, Suite 1100
Miami, Florida 33131
Telephone: (305) 374-5600

*Counsel for United Healthcare, Inc.*

61841808;4