# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                     Case No. 3:20-cr-86-TJC-JBT

JORGE PEREZ, et al.,

_____

## ORDER ON PENDING MOTIONS

This case is before the Court on pending motions: Defendant Fletcher filed a motion for hearing to determine the admissibility of evidence under Federal Rule of Evidence 104(a) (Doc. 448, with sealed supplement, Doc. S-470), and defendant Aaron Durall has filed a renewed motion for a bill of particulars (Doc. 449, with sealed supplement, Doc. S-472) and a motion to bar admission of "claim spreadsheets" (Doc. 450). Some of their co-defendants adopted their motions and these rulings equally apply to them. The government filed responses (Docs. 477, 478) and Fletcher filed a reply on his motion (Doc. 488).

### A. Motion for Hearing (Doc. 448) and Motion to Bar Admission of "claim spreadsheets" (Doc. 450)

In these two motions, the defendants seek to have the Court conduct a hearing under Rule 104 to determine in advance of trial the admissibility of "claim spreadsheets" the government intends to introduce into evidence. Rule 104(a) states that the court must decide any preliminary question about the

admissibility of evidence.   And Rule 104(b) provides that where the relevance of evidence depends on whether a fact exists (as it does here), sufficient proof must be introduced to support the fact.   However, Rule 104(b) further states that the proposed evidence may be admitted subject to the later introduction of such proof.   All agree it is within the Court's discretion to decide whether to hold a pretrial hearing to determine admissibility and, as conceded by defendants, such a hearing is rarely sought or held.

Defendants argue the Court should conduct a pretrial hearing to determine whether the private insurers altered data on claims forms submitted by defendants before the insurers produced their claim spreadsheets to the government.   The government says that defendants misunderstand how the data, and spreadsheets based on that data, are created.   According to the government, witnesses at trial will explain how the entire claims process works, including an explanation of when and why additional information (which the government agrees was not supplied by the defendants) is added to the claims record.   The government's responses to these motions and the renewed motion for bill of particulars give defendants additional detail regarding these matters and its theory of the case.   Defendants will have a full opportunity to cross-examine the government's witnesses at trial and to object to the admissibility of evidence.   A pretrial hearing is not necessary.

Defendants additionally argue a pretrial hearing is appropriate to determine the admissibility of the claim spreadsheets on the grounds that they are not admissible as summary exhibits under Federal Rule of Evidence 1006 because defendants have not received all the underlying data; they are inadmissible hearsay; and their admission would violate defendants' Confrontation Clause rights because they were prepared in anticipation of litigation.   The government explains it is not intending to admit the spreadsheets as summary charts because the spreadsheets are part of the private insurers' records, from which the government will then create various summary charts.   And, the government says, the claim spreadsheets themselves will be admissible through testimony that will establish that they are records of regularly conducted activity under the hearsay exception in Rule 803(6).   Further, says the government, because the spreadsheets will be admissible as records of the private insurers' regularly conducted activities, they were not prepared in anticipation of litigation and are not testimonial; therefore, their admission does not violate the Confrontation Clause. Defendants will have opportunity at trial to test whether the government is correct as to each of these points, including, if the Court deems it appropriate, through proffers.   A pretrial hearing under Rule 104(a) is unnecessary.

## B. Renewed Motion for Bill of Particulars

The Court previously denied motions for a bill of particulars, finding the superseding indictment provided defendants with sufficient information to defend these charges.  See Order (Doc. 372); and transcript of April 27, 2021 hearing (Doc. 315).  The Court maintains its view that defendants have been provided sufficient information from the superseding indictment to understand the government's fraud theory such that they can defend the case.  The Court has also required the government and the third-party insurers to provide substantial additional information to defendants to aid their ability to understand and defend against the charges.  That process is ongoing.  Finally, the references to the "22-code" in the excerpts of grand jury testimony Durall provided (Doc. S-472) do not create a basis for the Court to recede from its position.  As the Eleventh Circuit has just reminded us, "a bill of particulars cannot be used as a weapon to force the government into divulging its prosecution strategy; we do not allow defendants to 'compel the government to detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial' in that manner." United States v. Maurya, No. 19-10746, _____ F.4th ____, 2022 WL 294046, at *3 (11th Cir. Feb. 1, 2022) (quoting United States v. Burgin, 621 F.2d 1352, 1359 (5th Cir. 1980)).

Accordingly, it is hereby

**ORDERED**:

1.     Defendant Fletcher's Motion for Hearing (Doc. 448) and Durall's Motion to Bar Admission of "Claim Spreadsheets" (Doc. 450) are **denied** without prejudice to raising appropriate objections at trial.

2.     Defendant Durall's Renewed Motion for a Bill of Particulars (Doc. 449) is **denied**.

**DONE AND ORDERED** in Jacksonville, Florida this 2nd day of February, 2022.



TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:
Counsel of record
Defendants

5