UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA	CASE NO.: 3:20-CR-0086-TJC-JBT

v.

JORGE PEREZ,
RICARDO PEREZ,
SETH GUTTERMAN,
AARON DURALL,
JAMES F. PORTER, JR.,
SEAN PORTER,
CHRISTIAN FLETCHER,
NEISHA ZAFFUTO,
AARON ALONZO, and
NESTOR ROJAS,
    Defendants.
_____/

**DEFENDANT SEAN PORTER'S UNOPPOSED MOTION FOR WITHDRAWAL OF PRIVATE COUNSEL, TO DETERMINE DEFENDANT INDIGENT AS TO COSTS AND ATTORNEY'S FEES, AND APPOINTMENT OF COUNSEL AND INCORPORATED MEMORNDUM OF LAW**

**COMES NOW** the Defendant SEAN PORTER ("Defendant"), by and through the undersigned counsel, and hereby moves this Court for entry of an order allowing his current private counsel, Caleb D. Rowland, Esquire, to withdraw from representation as Defendant's privately retained counsel, determine Defendant to be indigent for costs and attorney's fees, and to appoint Caleb D. Rowland, Esquire as appointed counsel pursuant to the Sixth Amendment to the United States Constitution, the Criminal Justice Act, 18 U.S.C. §3006A and Fed. R. Crim. P. 44(a), and in support thereof, state the following:

1. Defendant previously retained the undersigned to represent him in defending against three (3) charges upon which he was indicted, to wit: one (1) count of Conspiracy to Launder Money, and two (2) counts of Money Laundering.

1

2. Defendant is no longer able to afford to pay the undersigned to represent him in this action. Defendant's Financial Affidavit (CJA Form 23) is attached hereto and incorporated by reference as "Exhibit A." Defendant should be determined to be indigent for both costs and attorney's fees.

3. The undersigned is qualified to represent Defendant as appointed counsel under the Criminal Justice Act and the local rules and regulations of the Middle District of Florida. The undersigned is currently on the assignment list for appointed counsel for the Jacksonville Division of the Middle District of Florida.

4. Due to the voluminous size of the discovery in this matter, as well as the pending trial term commencing May, 2022, and looming pretrial hearings and deadlines, appointment of the undersigned will further this Court's interest in the swift and efficient administration of justice. Appointment of another individual to represent Defendant would invariably lead to delays duplication of efforts previously completed by the undersigned.

5. Defendant and the undersigned request this Court enter an order permitting the undersigned to withdraw as counsel for Defendant, and appointing the undersigned as counsel for the Defendant prospectively in this matter, pursuant to the Criminal Justice Act, 18 U.S.C. §3006A and Fed. R. Crim. P. 44(a).

6. Undersigned counsel has conferred with counsel for the Government, who does not oppose the relief sought in this motion.

7. By his signature below, Defendant consents to withdrawal of the undersigned as private counsel and requests appointment of the undersigned as appointed CJA counsel.

**WHEREFORE**, Defendant SEAN PORTER respectfully requests the entry of an Order allowing undersigned counsel to withdraw as private counsel, determining Defendant to be indigent for costs and attorney's fees, and appointing the undersigned as CJA appointment counsel for Defendant, together with such other and further relief as this Court deems just and proper.

## MEMORANDUM OF LAW

Pursuant to and Fed. R. Crim. P. 44(a):

**Right to Appointed Counsel.** A defendant who is unable to obtain counsel is entitled to have counsel appointed to represent the defendant at every stage of the proceeding from initial appearance through appeal, unless the defendant waives this right.

Defendant's right to counsel is enshrined in the Sixth Amendment to the United States Constitution and codified by Fed. R. Crim. P. 44. "The Sixth Amendment as interpreted by the Supreme Court entitles a defendant in Federal court who is unable to retain private counsel in defense of a felony charge to the services of an attorney appointed by the court." United States v. Cohen, 419 F.2d 1124, 1126 (8th Cir. 1969) citing Johnson v. Zerbst, 304 U.S. 458 (1938); Fed. R. Crim. P. 44. This right applies at "every critical stage of a criminal proceeding." Tobin v. United States, 402 F.2d 307, 308 (7th Cir. 1968)

Here, the Court has the authority to appoint the undersigned to represent Defendant on a prospective basis, as Defendant is unable to continue to pay the undersigned for private representation. See Fed. R. Crim. P. 44(b) ("Federal law and local court rules govern the procedure for implementing the right to counsel."). Defendant has no funds to pay the undersigned or any qualified counsel, and no assets from which he can obtain sufficient funds to pay the undersigned or any qualified counsel. The undersigned is qualified for, and authorized to,

3

undertake representation as appointed counsel for indigent defendants in the Middle District of Florida, Jacksonville Division, as determined by the courts in this jurisdiction.

Moreover, given the posture of the instant case, the voluminous discovery, and the pending trial and hearings in the next ninety (90) days, appointment of the undersigned will avoid unnecessary duplication of effort, avoid unreasonable delay, and promote judicial economy. The undersigned is intimately familiar with the allegations asserted against Defendant, the factual basis for such allegations, and Defendant's expected defenses. Appointment of counsel unfamiliar with said issues would delay this case and require said attorney to completely orient him or herself with the facts and law applicable to Defendant's case. As such, the reasonable and appropriate action by this Court is to grant the undersigned leave to withdraw as private counsel for Defendant, and appoint the undersigned as counsel under the Criminal Justice Act, 18 U.S.C. §3006A and Fed. R. Crim. P. 44(a).

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** a true and correct copy of the Defendant's *Unopposed Motion for Withdrawal of Private Counsel and Appointment of Counsel and Incorporated Memorandum of Law* was furnished to all parties by electronic filing through PACER/ECMF this 7th day of February, 2022.

**Sean Porter**
Defendant

ROWLAND LAW, LLC

*/s/ Caleb D Rowland*
Caleb D. Rowland, Esquire
Florida Bar No.: 49936
2130 Riverside Avenue
Jacksonville, Florida 32204
Tel: (904) 667-4434
Email: crowland@rowlandlawfirm.net
Service: service@rowlandlawfirm.net
Counsel for Defendant

| CJA-23 (Rev 3/21) | **FINANCIAL AFFIDAVIT** IN SUPPORT OF REQUEST FOR ATTORNEY, EXPERT, OR OTHER SERVICES WITHOUT PAYMENT OF FEE |
|---|---|

IN THE UNITED STATES ☑ DISTRICT COURT ☐ COURT OF APPEALS ☐ OTHER (Specify Below)

IN THE CASE OF: UNITED STATES v. PEREZ, ET AL

FOR: MIDDLE DISTRICT OF FLORIDA
AT: JACKSONVILLE

LOCATION NUMBER:

PERSON REPRESENTED (Show your full name): SEAN PORTER

1 ☑ Defendant - Adult
2 ☐ Defendant - Juvenile
3 ☐ Appellant
4 ☐ Probation Violator
5 ☐ Supervised Release Violator
6 ☐ Habeas Petitioner
7 ☐ 2255 Petitioner
8 ☐ Material Witness
9 ☐ Other (Specify)

DOCKET NUMBERS
Magistrate Judge:
District Court: 3:20-cr-086-TJC-JBT
Court of Appeals:

CHARGE/OFFENSE (Describe if applicable & check box →) ☑ Felony ☐ Misdemeanor
Conspiracy to Commit Money Laundering

## ANSWERS TO QUESTIONS REGARDING ABILITY TO PAY

**INCOME & ASSETS**

**EMPLOYMENT**
Do you have a job? ☐ Yes ☑ No
IF YES, how much do you earn per month? ___
Will you still have a job after this arrest? ☐ Yes ☐ No ☐ Unknown

**PROPERTY**
Do you own any of the following, and if so, what is it worth?

| | APPROXIMATE VALUE | DESCRIPTION & AMOUNT OWED |
|---|---|---|
| Home | $ 1,150,000 (market value) | Federal tax lien of approximately $644,000.00 and lis pendens seeking forfeiture |
| Car/Truck/Vehicle | $ 25,000.00 | |
| Boat | $ | |
| Stocks/bonds | $ | |
| Other property | $ | |

**CASH & BANK ACCOUNTS**
Do you have any cash, or money in savings or checking accounts? ☑ Yes ☐ No
IF YES, give the total approximate amount after monthly expenses $ $4,500.00

**OBLIGATIONS, EXPENSES, & DEBTS**

How many people do you financially support? 2

| BILLS & DEBTS | MONTHLY EXPENSE | TOTAL DEBT |
|---|---|---|
| Housing | $ | $ |
| Groceries | $ 700.00 | $ |
| Medical expenses | $ 1310.00 (Insurance) | $ |
| Utilities | $ 250.00 | $ |
| Credit cards | $ 200.00 | $ 9,748.00 |
| Car/Truck/Vehicle | $ | $ |
| Childcare | $ | $ |
| Child support | $ | $ |
| Insurance | $ 588.00 (Vehicle) | $ |
| Loans | $ 385.00 | $ 20,000.00 |
| Fines | $ | $ |
| Other | $ 600.00 (Home Ins.) | $ |

I certify under penalty of perjury that the foregoing is true and correct.

_[signature]_   2-07-22

SIGNATURE OF DEFENDANT (OR PERSON SEEKING REPRESENTATION)   Date

EXHIBIT A