UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

    v.                                                Case No. 3:20-cr-86-TJC-JBT

JORGE PEREZ, et al.

## UNITED STATES' OPPOSITION TO AARON DURALL AND CHRISTIAN FLETCHER'S JOINT RENEWED *DAUBERT* MOTION

The United States of America opposes Aaron Durall and Christian Fletcher's Renewed *Daubert* Motion challenging testimony by the Government's Expert Dr. Peter R. Kongstvedt (Doc. 565).

Defendants accurately describe their renewed *Daubert* Motion as "limited" to certain aspects of Dr. Kongstvedt's proposed expert testimony. This makes clear that Dr. Kongstvedt's expert opinion about industry standards and practices for private insurance contracts involving hospitals, the use of reference laboratories, the criteria for how health care claims are billed to insurers and paid, and whether Defendants' conduct was consistent with those industry standards and practices, is permissible expert testimony under *Daubert v. Merrell Dow Pharm., Inc*. 509 U.S. 579 (1993), and its progeny, because it is reliable, relevant, and helpful to the jury. And, there is no meaningful dispute as to Dr. Kongstvedt's expert qualifications and competence to render such opinions.

Defendants' "limited" objections attempt to preclude Dr. Kongstvedt from providing any interpretation of the meaning of certain clauses in the various payor/insurer contracts at issue in this case, and what those clauses envision in terms of coverage. Defendants term such testimony as impermissible because it provides legal opinions, invades the province of the jury and the Court, and is duplicative of what the insurance witnesses will say. The Defendants' position is incorrect.

Dr. Kongstvedt will not be providing any legal opinions about the contracts in this case. He is being called as an expert on, among other things, the industry standards for the relationships between insurers and hospitals, the use by hospitals of reference labs, how such parties generally contract to provide for and bill services, and the way in which health care claims are billed to insurers. As such, he must describe the terms of the subject payor/hospital contracts to provide context to his opinions on how they relate to industry standards. For example, Dr. Kongstvedt will be asked on direct examination to describe the payor-insurer contracts that will be in evidence (without offering any opinion about the parties' intent), and asked to opine as an expert on whether the subject contracts reflect how such an arrangement would have been entered into and formalized under prevailing industry standards. He will also be asked to describe, based on his lengthy experience in the field, about the industry standards relating what types of services would be covered under the payor/hospital contracts in this case.

The Eleventh Circuit has held an expert may discuss contractual language, particularly when the expert's discussion describes how a contract fits within broader

industry standards. In *Maiz v. Virani*, 253 F.3d 651 (11th Cir. 2001), a civil RICO case, the defendants objected to the admission of a forensic accountant's testimony as a liability expert, arguing that he offered "legal opinions" regarding the effect of disputed provisions in various partnership and management agreements, including sections dealing with whether defendants could be paid commissions and expenses. *Id.* at 667. The Eleventh Circuit upheld the admission of such expert testimony because the expert was deemed qualified to opine on forensic accounting issues, and as part of that process he "was entitled to state reasonable assumptions regarding the requirements of the applicable contracts in order to put his opinions [on the movement of funds through the Defendants' accounts] in context." *Id*. To the extent that he spoke of the contracts, this expert "generally did so in the context of setting forth or explaining reasonable assumptions he was asked to make by counsel." *Id*.

The same is true here. Defendants can challenge Dr. Kongstvedt on cross-examination, and any arguments will simply reflect the Defendants' view of the meaning of the agreements, as the *Maiz* court found. *Id*. A jury instruction can prevent any undue weight Dr. Kongstevdt's testimony would have on deciding the ultimate issues in this case by the jury, which *Maiz* noted as well.[1] *Maiz* is the

---

[1] While the liability expert in *Maiz* testified that it was his view that some funds were taken inappropriately, the district court was found to have properly instructed the jury as to the weight to be given to such testimony as it related to the ultimate issue the jury had to decide; the *Maiz* court noted that the Eleventh Circuit has held that an instruction may be used to prevent a jury from placing too much weight on an expert's legal conclusions. *Id*. at 667-68. *See, e.g., United States v. Gold,* 743 F.2d 800, 817 (11th Cir.1984) (decision to admit expert testimony about ultimate legal issue in the case upheld where district court was "careful to instruct the jury about the weight that should be given expert testimony such as [this]").

Eleventh Circuit case that squarely addresses this issue, and not the *Herman* district court decision relied upon by the Defendants.[2]

As the Government noted in its opposition to Defendants' first Motion to exclude Dr. Kongstevdt, Dr. Kongstevdt's expert testimony about standards governing private insurance contracts and billing is akin to a Medicare program witness testifying about Medicare's rules and regulations, and how they affect payment. Testimony from Medicare program witnesses explaining such topics has been permitted in this Circuit as both expert and factual testimony, as in *United States v. Gold*, 743 F.2d 800 (11th Cir. 1984). Following *Gold*, district courts in the Southern District of Florida have repeatedly allowed Medicare program witnesses to discuss Local Coverage Determinations and whether Medicare would have paid certain claims, with a limiting instruction. *See, e.g.*, *United States v. Crabtree*, 878 F.3d 1274, 1287-88 (11th Cir. 2018). The same principles apply here. Dr. Kongstvedt's testimony on industry standards pertaining to the contracts, including the increased reimbursement rate for rural hospitals in the contracts between the hospitals and insurance companies, goes to Defendants' motive, and explains why the Defendants entered into their own arrangements to take advantage of this increased reimbursement rate in the first place.

---

[2] Defendants once more, as in their previous motion, cite to *Herman v. Seaworld Parks & Entertainment, Inc.*, 320 F.R.D. 271, 282 (M.D. Fla. 2017). But the lengthy passage they cite in *Herman* includes a case, *McMahon Sec. Co., LLP v. FB Foods, Inc.*, 2007 WL 473666 at *2 (M.D. Fla. 2007), which notes that if the excluded expert in that case had focused on the customary practices in the securities industry, rather than simply interpreting the agreements, under *Maiz* (cited by plaintiffs), his testimony would have been permissible.

4

Finally, Defendants' Motion belies the fact that Dr. Kongstvedt has testified as an expert on the meaning of contractual provisions in previous civil cases; indeed, he testified in September 2021 in the civil case that RightCHOICE (the Missouri Blue Cross Blue Shield plan) successfully brought against an independent blood testing laboratory whose tests were billed through Putnam County Memorial Hospital, one of the four hospitals allegedly used for fraudulent billing of tests (including those same blood tests) performed at independent labs. Crucially, this is not a civil contracts case. Thus, any question as to whether any contracts were violated or not will not decide this case. Accordingly, the cases Defendants cite (all civil contracts cases), which all dealt with contact interpretation as a legal matter, are fundamentally inapposite, because neither this Court nor the jury will be making any strictly legal decisions as to whether a contract was violated in this case. The jury will be deciding whether fraudulent misrepresentations and material omissions were made to the insurers. And Dr. Kongstevdt may testify as to the ultimate factual issues in this case under Rule 704. He will not testify about any defendant's intent or opine that there was fraud.

Cross-examination and possibly a jury instruction will address Defendants' concerns. Defendants can vigorously cross-examine Dr. Kongstvedt regarding the contracts; wholesale preclusion of such testimony is not warranted. The jury can decide if the contracts followed the industry standard, and a district court's gatekeeper role under *Daubert* and its progeny "is not intended to supplant the adversary system or the role of the jury." *Allison v. McGhan,* 184 F.3d 1300, 1311

(11th Cir.1999). *See also id*. ("'Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking [debatable] but admissible evidence.'") (quoting *Daubert*, 509 U.S. at 596). For the foregoing reasons, Defendants' Renewed *Daubert* Motion should be denied.

    Respectfully submitted,

    ROGER B. HANDBERG
    United States Attorney

    */s/ Tysen Duva*
    TYSEN DUVA
    Assistant United States Attorney
    Florida Bar No. 0603511
    300 N. Hogan Street, Suite 700
    Jacksonville, Florida 32202
    Telephone: (904) 301-6300
    Facsimile: (904) 301-6310
    E-mail: Tysen.Duva@usdoj.gov

    JOSEPH BEEMSTERBOER,
    ACTING CHIEF
    U.S. DEPARTMENT OF JUSTICE
    CRIMINAL DIVISION, FRAUD SECTION

    */s/ James V. Hayes*
    JAMES V. HAYES (FL Bar # A5501717)
    Senior Litigation Counsel
    GARY A. WINTERS (FL Bar # A5501852)
    Trial Attorney
    United States Department of Justice
    Criminal Division, Fraud Section
    1400 New York Avenue, NW
    Washington, DC 20005
    Tel: (202) 598-2382
    Email: James.Hayes@usdoj.gov
           Gary.Winters@usdoj.gov

## CERTIFICATE OF SERVICE

I, hereby certify that, on April 22, 2022, a true and correct copy of the foregoing was filed and served on all counsel via the CM/ECF system.

*/s/ James V. Hayes*
Trial Attorney
United States Department of Justice
