COMPOSITE ATTACHMENT A

Deed Book 56030 Pg     1
Filed and Recorded Apr-07-2016 08:11am
2016-0157927
Real Estate Transfer Tax $3,800.00
Cathelene Robinson
Clerk of Superior Court
Fulton County, Georgia

Return to:
O'Kelley & Sorohan, Attorneys at Law, LLC
1420 Peachtree Street NE, Suite 101
Atlanta, GA 30309
File No.: 11-055012-REG

## LIMITED WARRANTY DEED

THIS INDENTURE, made on 5th day of April, 2016, between

3540 Woodhaven Road NW, LLC

(hereinafter referred to as "Grantor") and

Christian Fletcher and Amber Fletcher, as joint tenants with rights of survivorship

(hereinafter referred to as "Grantee"), the words "Grantor" and "Grantee" to include the heirs, executors, legal representatives, successors and assigns of said parties where the context requires or permits; WITNESSETH:

THAT Grantor, for and in consideration of the sum of TEN DOLLARS ($10.00) AND OTHER GOOD AND VALUABLE CONSIDERATIONS, in hand paid, at and before the sealing and delivery of these presents, the receipt of which is hereby acknowledged by Grantor, has granted, bargained, sold and conveyed, and by these presents does grant, bargain, sell and convey unto Grantee,

All that tract or parcel of land lying and being in Land Lot 141, 17th District, Fulton County, Georgia as shown on that survey of 3540 Woodhaven Road for Donald M. Leeber, III by Georgia Landing Surveying Co., Inc., certified by Josh L. Lewis, IV, Georgia Registered Land Surveyor No. 3028, dated February 25, 2010, being more particularly described as follows: Beginning at a one-half inch rebar found on the northwestern Right-of-Way of Woodhaven Road (fifty foot right-of-way), said point being 969.810 feet as measured southwesterly along the northwestern right-of-way of said Woodhaven Road from the intersection of the northwestern right-of-way of said Woodhaven Road and the southwestern right of way Tuxedo Road (fifty foot right-of-way), leaving said right-of-way, thence North 65 degrees 49 minutes 54 seconds West along the southwestern boundary of Lot 1, Woodhaven Estates a distance of 662.33 feet to a three-quarter inch open top pipe found; thence South 01 degrees 46 minutes 29 seconds West along an existing fence line a distance of 423.41 feet to a three-quarter inch open top pipe found; thence South 77 degrees 56 minutes 55 seconds East along the northeastern boundary of Lot 3, Woodhaven Estates a distance of 446.87 feet to a three-quarter inch open top pipe found on the northwestern right-of-way of said Woodhaven Road; thence North 14 degrees 50 minutes 31 seconds East along the northwestern right-of-way of said Woodhaven Road a distance of 34.32 feet to a point; continuing thence in a northeasterly direction along the northwestern right-of-way of said Woodhaven Road an arc length of 265.65 feet (said arc being subtended by a chord having a chord bearing North 17 degrees 36 minutes 45 seconds East, a chord length of 265.65 feet, a radius of 2839.48 feet and a central angle of 05 degrees 21 minutes 37 seconds) to a one-half inch rebar found on the northwestern right-of-way of said Woodhaven Road, said point being Point of Beginning;  Being all of Lot 2, Woodhaven Estates, Plat Book 28, Page 57, Fulton County, Georgia Records; known as 3540 Woodhaven Road according to the current system of numbering houses in the City of Atlanta and containing 4.041 acres. Being the same property as described at Deed Book 1829, Page 5; Deed Book 48503, Page 237 and Deed Book 48503, Page 239, Fulton County, Georgia Records.

TOGETHER WITH all and singular the rights, members and appurtenances thereto (hereinafter collectively referred to as the "Premises") , the same being, belonging, or in anywise appertaining to the only proper use, benefit and behoof of Grantee.

Subject to all easements, rights of way, and restrictive covenants of record (hereinafter referred to as the "Exceptions").

TO HAVE AND TO HOLD the Premises, subject to the Exceptions, to the only proper use, benefit and behoof of Grantee, forever, in FEE SIMPLE, and Grantor will, subject to the Exceptions, warrant and forever defend the right and title to the Premises unto Grantee against the claims of all person claiming by, through or under Grantor, but not otherwise.

IN WITNESS WHEREOF, Grantor has executed this instrument under seal, as of the date first above written.

Signed this 5th day of April 2016 in the presence of:

Unofficial Witness

Notary Public
Commission expires: 7/10/17

LAUREN E. SINGHAM
NOTARY
EXPIRES
GEORGIA
JULY 10, 2017
PUBLIC
COBB COUNTY

3540 Woodhaven Road
NW, LLC

BY:
Stephen Davis as its
Manager

Limited Warranty Deed                                                        11-055012-REG

1B(i) - PROPERTY RECORD
https://search.gsccca.org/Imaging/HTML5Viewer.aspx?id=67946548&key1=56030&key2=1&county=60&countyname=FULTON&userid=298898&appi...

PT-61 (Rev. 11/04)

**To be filed in FULTON COUNTY**

**PT-61 060-2016-011059**

| SECTION A – SELLER'S INFORMATION (Do not use agent's information) | SECTION C – TAX COMPUTATION | |
|---|---|---|
| **SELLER'S BUSINESS / ORGANIZATION / OTHER NAME**<br>3540 Woodhaven Road NW, LLC | **Exempt Code**<br>If no exempt code enter NONE | **NONE** |
| **MAILING ADDRESS (STREET & NUMBER)**<br>403 Corporate Center Drive Suite 201 | 1. Actual Value of consideration received by seller<br>   Complete Line 1A if actual value unknown | $3,800,000.00 |
| **CITY, STATE / PROVINCE / REGION, ZIP CODE, COUNTRY**  **DATE OF SALE**<br>Stockbridge, GA 30281 USA                        4/5/2016 | 1A. Estimated fair market value of Real and<br>    Personal property | $0.00 |
| **SECTION B – BUYER'S INFORMATION (Do not use agent's information)** | 2. Fair market value of Personal Property only | $0.00 |
| **BUYER'S LAST NAME**  **FIRST NAME**  **MIDDLE**<br>Fletcher              Christian | 3. Amount of liens and encumbrances<br>   not removed by transfer | $0.00 |
| **MAILING ADDRESS (Must use buyer's address for tax billing & notice purposes)**<br>3540 Woodhaven Road NW | 4. Net Taxable Value<br>   (Line 1 or 1A less Lines 2 and 3) | $3,800,000.00 |
| **CITY, STATE / PROVINCE / REGION, ZIP CODE, COUNTRY**  **Check Buyers Intended Use**<br>Atlanta, GA 30305 USA   ( ) Residential  ( ) Commercial<br>                        ( ) Agricultural ( ) Industrial | 5. TAX DUE at .10 per $100 or fraction thereof<br>   (Minimum $1.00) | $3,800.00 |

| SECTION D – PROPERTY INFORMATION (Location of Property (Street, Route, Hwy, etc)) | | | | |
|---|---|---|---|---|
| **HOUSE NUMBER & EXTENSION (ex 265A)** | **PRE-DIRECTION, STREET NAME AND TYPE, POST DIRECTION**<br>3540 Woodhaven Road NW | | | **SUITE NUMBER** |
| **COUNTY**<br>FULTON | **CITY (IF APPLICABLE)** | | **MAP & PARCEL NUMBER**<br>17-0141-LL-040 | **ACCOUNT NUMBER** |
| **TAX DISTRICT**       **GMD** | | **LAND DISTRICT**  **ACRES** | **LAND LOT** | **SUB LOT & BLOCK** |

| SECTION E – RECORDING INFORMATION (Official Use Only) | | | | |
|---|---|---|---|---|
| **DATE** | **DEED BOOK**<br>56030 | **DEED PAGE**<br>1 | **PLAT BOOK** | **PLAT PAGE** |

**ADDITIONAL BUYERS**
Fletcher, Amber

Deed Book 59204 Pg  637
Filed and Recorded Sep-06-2018 03:06pm
2018-0244725
Real Estate Transfer Tax $0.00
CATHELENE ROBINSON
Clerk of Superior Court
Fulton County, Georgia

(ABOVE SPACE RESERVED FOR RECORDING DATA)

AFTER RECORDING, RETURN TO:

Melissa Sprinkle, Esq.                          Re: Deed Book 56030, Page 1,
Bryan Cave Leighton Paisner LLP                     Fulton County Records
One Atlantic Center
Fourteenth Floor
1201 West Peachtree Street, NW
Atlanta, Georgia  30309-3488

QUITCLAIM DEED

THIS QUITCLAIM DEED is made as of the 29th day of August, 2018, by and between CHRISTIAN FLETCHER and AMBER FLETCHER, as joint tenants with rights of survivorship to (collectively "Grantor") and 3540 WOODHAVEN ROAD, LLC, a Georgia limited liability company ("Grantee") (the terms Grantor and Grantee to include their respective heirs, successors and assigns where the context hereof requires or permits).

WHEREAS, the Grantor desires to devise and quitclaim to Grantee any and all interest the Grantor may have in the property more particularly described in Exhibit "A" attached hereto and by reference made a part hereof (the "Property").

WITNESSETH THAT: Grantor, for and in consideration of the sum of TEN AND NO/100 DOLLARS ($10.00), and other good and valuable consideration, in hand paid, the receipt, adequacy, and sufficiency of which are hereby acknowledged by Grantor, has quitclaimed, granted, bargained, sold and conveyed, and by these presents does hereby quitclaim grant, bargain, sell and convey the Property unto Grantee.

TO HAVE AND TO HOLD the Property, together with all and singular the rights, members, and appurtenances pertaining thereto, unto Grantee so that neither Grantor, nor any other person or persons claiming under Grantor shall at any time, claim or demand any right, title or interest to the Property or its appurtenances.

12052326

1B(ii) - PROPERTY RECORD

Deed Book 59204 Pg 638

IN WITNESS WHEREOF, Grantor has signed and sealed this instrument the day and year first above written.

Signed, sealed and delivered
in the presence of:

_Christian Fletcher_ _____ (SEAL)
CHRISTIAN FLETCHER

_Amber Fletcher_ _____ (SEAL)
AMBER FLETCHER

Unofficial Witness

Notary Public

My Commission Expires:

[AFFIX NOTARIAL SEAL]

TIFFANY NICOLE MCKENZIE
NOTARY
GEORGIA
EXPIRES
APRIL 2, 2021
PUBLIC
FULTON COUNTY

12052326

Deed Book 59204 Pg 639
CATHELENE ROBINSON
Clerk of Superior Court
Fulton County, Georgia

EXHIBIT "A"

All that tract or parcel of land lying and being in Land Lot 141, 17th District, Fulton County, Georgia as shown on that survey of 3540 Woodhaven Road for Donald M. Leeber, III by Georgia Landing Surveying Co., Inc., certified by Josh L. Lewis, IV, Georgia Registered Land Surveyor No. 3028, dated February 25, 2010, being more particularly described as follows; Beginning at a one-half inch rebar found on the northwestern Right-of-Way of Woodhaven Road (fifty foot right-of-way), said point being 969.810 feet as measured southwesterly along the northwestern right-of-way of said Woodhaven Road from the intersection of the northwestern right-of-way of said Woodhaven Road and the southwestern right of way Tuxedo Road (fifty foot right-of-way), leaving said right-of-way, thence North 65 degrees 49 minutes 54 seconds West along the southwestern boundary of Lot 1, Woodhaven Estates a distance of 562.33 feet to a three-quarter inch open top pipe found; thence South 01 degrees 46 minutes 29 seconds West along an existing fence line a distance of 423.41 feet to a three-quarter inch open top pipe found; thence South 77 degrees 56 minutes 55 seconds East along the northeastern boundary of Lot 3, Woodhaven Estates a distance of 446.87 feet to a three-quarter inch open top pipe found on the northwestern right-of-way of said Woodhaven Road; thence North 14 degrees 50 minutes 31 seconds East along the northwestern right-of-way of said Woodhaven Road a distance of 34.32 feet to a point; continuing thence in a northeasterly direction along the northwestern right-of-way of said Woodhaven Road an arc length of 265.65 feet (said arc being subtended by a chord having a chord bearing North 17 degrees 36 minutes 45 seconds East, a chord length of 265.65 feet, a radius of 2839.48 feet and a central angle of 05 degrees 21 minutes 37 seconds) to a one-half inch rebar found on the northwestern right-of-way of said Woodhaven Road, said point being Point of Beginning; Being all of Lot 2, Woodhaven Estates, Plat Book 28, Page 57, Fulton County, Georgia Records; known as 3540 Woodhaven Road according to the current system of numbering houses in the City of Atlanta and containing 4.041 acres. Being the same property as described at Deed Book 1829, Page 5; Deed Book 48503, Page 237 and Deed Book 48503, Page 239, Fulton County, Georgia Records.

12052326

Deed Book 60905 Page 133
Filed and Recorded 12/09/2019 5:12:00 PM
2019-0395627
Georgia Intangible Tax Paid $25,000.00
Cathelene Robinson
Clerk of Superior Court
Fulton County, GA
Participant IDs: 2209073924
7067927936

**When Recorded Return to:**

Bay Point Capital Partners II, LP
3050 Peachtree Road NW, Suite 2
Atlanta, GA 30305
Attn: Charles Andros
Parcel ID:   1701 41LL-0401

This document serves as a Fixture Filing under the Georgia Uniform Commercial Code pursuant to O.C.G.A. § 11-9-502. Grantee desires this Fixture Filing to be indexed against the record owner of the real estate described herein.

## DEED TO SECURE DEBT, ASSIGNMENT, SECURITY AGREEMENT AND FIXTURE FILING

**DEED TO SECURE DEBT, ASSIGNMENT, SECURITY AGREEMENT AND FIXTURE FILING** dated November 27, 2019 (together with any amendments or modifications hereto in effect from time to time, the "**Security Instrument**"), between **3540 WOODHAVEN ROAD, LLC**, a Georgia limited liability company, having an office at 115 Glengate Avenue, Atlanta, Georgia 30328 ("**Grantor**") and **BAY POINT CAPITAL PARTNERS II, LP**, a Delaware limited partnership, having an address at 3050 Peachtree Road NW, Suite 2, Atlanta, GA 30305 (together with its successors and assigns, "**Grantee**").

### WITNESSETH:

A.    Grantee has made a loan to Grantor in the aggregate amount of **ELEVEN MILLION AND NO/100 DOLLARS ($11,000,000.00)** (the "**Loan**" or "**Debt**") pursuant to that certain Construction Loan and Security Agreement dated as of even date herewith (as the same may be amended, restated, amended and restated, supplemented or otherwise modified from time to time, hereinafter referred to as the "**Loan Agreement**").

B.    Capitalized terms used herein without definition shall have the meanings ascribed to such terms in the Loan Agreement.

C.    The Loan is evidenced by a Promissory Note of even date herewith in the principal amount of **ELEVEN MILLION AND NO/100 DOLLARS ($11,000,000.00)** [Stated

PAGE 1
40558417

**IN WITNESS WHEREOF**, Grantor, intending to be legally bound, has duly executed and delivered this Security Instrument under seal as of the day and year first above written.

**GRANTOR:**

Signed, sealed and delivered in the presence of:

**3540 WOODHAVEN ROAD, LLC,**
a Georgia limited liability company

_____
Unofficial Witness

By: _____ [SEAL]
Name:  Christian Al Fletcher
Title: Manager

_____
Notary Public
My Commission Expires: 2/20/2021

[Affix Notarial Seal]

_____
Unofficial Witness

By: _____ [SEAL]
Name:  Amber Dominique Fletcher
Title: Manager

_____
Notary Public
My Commission Expires: 2/20/2021

[Affix Notarial Seal]

DEED TO SECURE DEBT
SIGNATURE PAGE

40558417

Deed Book 60905 Page 156

## EXHIBIT A
## DESCRIPTION OF PROPERTY

ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 141, 17TH DISTRICT, FULTON COUNTY, GEORGIA AS SHOWN ON THAT SURVEY OF 3540 WOODHAVEN ROAD FOR DONALD M. LEEBER III BY GEORGIA LAND SURVEYING CO., INC., CERTIFIED BY JOSH L. LEWIS, IV, GEORGIA REGISTERED LAND SURVEYOR NO. 3028, DATED FEBRUARY 25, 2010, BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

BEGINNING AT A ONE-HALF INCH REBAR FOUND ON THE NORTHWESTERN RIGHT-OF-WAY OF WOODHAVEN ROAD (FIFTY FOOT RIGHT-OF-WAY), SAID POINT BEING 969.810 FEET AS MEASURED SOUTHWESTERLY ALONG THE NORTHWESTERN RIGHT-OF-WAY OF SAID WOODHAVEN ROAD FROM THE INTERSECTION OF THE NORTHWESTERN RIGHT-OF-WAY OF SAID WOODHAVEN ROAD AND THE SOUTHWESTERN RIGHT OF WAY OF TUXEDO ROAD (FIFTY FOOT RIGHT-OF-WAY), LEAVING SAID RIGHT-OF-WAY, THENCE NORTH 65 DEGREES 49 MINUTES 54 SECONDS WEST ALONG THE SOUTHWESTERN BOUNDARY OF LOT 1, WOODHAVEN ESTATES A DISTANCE OF 562.33 FEET TO A THREE-QUARTER INCH OPEN TOP PIPE FOUND; THENCE SOUTH 01 DEGREES 46 MINUTES 29 SECONDS WEST ALONG AN EXISTING FENCE LINE A DISTANCE OF 423.41 FEET TO A THREE-QUARTER INCH OPEN TOP PIPE FOUND; THENCE SOUTH 77 DEGREES 56 MINUTES 55 SECONDS EAST ALONG THE NORTHEASTERN BOUNDARY OF LOT 3, WOODHAVEN ESTATES A DISTANCE OF 446.87 FEET TO A THREE-QUARTER INCH OPEN TOP PIPE FOUND ON THE NORTHWESTERN RIGHT-OF-WAY OF SAID WOODHAVEN ROAD; THENCE NORTH 14 DEGREES 50 MINUTES 31 SECONDS EAST ALONG THE NORTHWESTERN RIGHT-OF-WAY OF SAID WOODHAVEN ROAD A DISTANCE OF 34.32 FEET TO A POINT; CONTINUING THENCE IN A NORTHEASTERLY DIRECTION ALONG THE NORTHWESTERN RIGHT-OF-WAY OF SAID WOODHAVEN ROAD AN ARC LENGTH OF 265.65 FEET (SAID ARC BEING SUBTENDED BY A CHORD HAVING A CHORD BEARING OF NORTH 17 DEGREES 36 MINUTES 45 SECONDS EAST, A CHORD LENGTH OF 265.65 FEET, A RADIUS OF 2839.48 FEET AND A CENTRAL ANGLE OF 05 DEGREES 21 MINUTES 37 SECONDS) TO A ONE-HALF INCH REBAR FOUND ON THE NORTHWESTERN RIGHT-OF-WAY OF SAID WOODHAVEN ROAD, SAID POINT BEING POINT OF BEGINNING; BEING ALL OF LOT 2, WOODHAVEN ESTATES, PLAT BOOK 28, PAGE 57, FULTON COUNTY, GEORGIA RECORDS.

PAGE 24
40558417

Deed Book 60905 Page 157
Cathelene Robinson
Clerk of Superior Court

## EXHIBIT B
## PERMITTED EXCEPTIONS

1. All taxes subsequent to the year 2019, not yet due and payable.

2. Encroachment Agreement by and between Laura Maddox Smith and M. Weldon Rogers, III and Jane R. Bryan, as Co-Executors of the Estate of English Bostick Rogers, dated December 19, 2006 and recorded in Deed Book 44433, Page 248, Fulton County, Georgia records.

3. Building line of 100 feet as shown on that certain plat recorded in Plat Book 28, Page 57, aforesaid records.

4/21/22, 12:50 PM                              Fulton County Board of Assessors

PARID: 17 0141 LL0401
3540 WOODHAVEN ROAD LLC                                          3540 WOODHAVEN RD NW

Parcel

| | |
|---|---|
| Parcel ID: | 17 0141 LL0401 |
| Property Location: | 3540 WOODHAVEN RD |
| Unit: | |
| City: | ATLANTA |
| Neighborhood: | 1724 |
| Improvement Strata: | R1 |
| Property Class: | R4 |
| Land Use Code: | 101-Residential 1 family |
| Living Units: | 2 |
| Acres: | 3.79 |
| Zoning: | R2- |
| Location | 6 |
| Fronting: | 9 - 9 |
| Parking Type: | 3-ON AND OFF STREET |
| Parking Quantity: | 2 |
| Street 1/Street 2: | 1-Paved/- |
| Topo 1/Topo2/Topo3: | 1-LEVEL/-/- |
| Util1/Util2/Util3: | 1-ALL PUBLIC/-/- |

Legal

| | |
|---|---|
| Tax District | 05 |

Owners

| | |
|---|---|
| Owners: | 3540 WOODHAVEN ROAD LLC |

Mailing Address

| Address | FUL Exmp Code | ATL Exmp Code |
|---|---|---|
| 3540 WOODHAVEN ROAD LLC | | |
| 3540 WOODHAVEN RD NW | | |
| ATLANTA GA 30305 | | |

Sales

| Sale Date: | Sale Price: | |
|---|---|---|
| 29-AUG-18 | $0 | |
| 05-APR-16 | $3,800,000 | |
| 24-JUL-14 | $3,275,000 | |
| 11-MAY-10 | $3,795,000 | |
| 11-MAY-10 | $3,795,000 | |
| 29-OCT-09 | $0 | |
| 29-OCT-09 | $2,950,000 | |

Sale Details                                                                          1 of 7

| | |
|---|---|
| Grantor: | FLETCHER CHRISTIAN |
| Grantee: | 3540 WOODHAVEN ROAD LLC |
| Sales Date: | 29-AUG-18 |
| Sale Price Sale Validity: | T : Sale < = 1000 |

1B(iv) - PROPERTY RECORD

| | |
|---|---|
| Sale Source: | 6 : PT61 |
| Sales Type: | 2 : LAND & BUILDING |
| Sale Flag: | |
| Deed Book: | 59204 |
| Deed Page: | 0637 |
| Deed Type: | QC |

## Residential

| | |
|---|---|
| Card: | 1 |
| Stories: | 2 |
| Year Built: | 2018 |
| Effective Year Built: | |
| Remodeled Year: | |
| Living Area: | 19,938 |
| Total Living Area: | 19,231 |
| Total Rooms: | 16 |
| Bedrooms: | 8 |
| Family Rooms: | 1 |
| Attic: | 1-NONE |
| Basement LA: | |
| Basement Rec Area: | |
| Full Baths: | 8 |
| Half Baths: | 2 |
| Additional Fixtures: | 16 |
| Total Fixtures: | 44 |
| Pre Fab Fireplace: | |
| Masonry Fireplaces: | 6 |
| Grade: | E+ |
| CDU: | EX |
| % Complete | |

## Additions

| Addition Number: | Description: | Area |
|---|---|---|
| 0 | --- | 6,066 |
| 1 | FIN BSMT L A-1SMAS MASONRY-- | 2,324 |
| 2 | -MG/BG MASONRY/BRICK GARAGE-1SMAS MASONRY- | 1,904 |
| 3 | FIN BSMT L A-1SMAS MASONRY-- | 448 |
| 4 | FIN BSMT L A-1SMAS MASONRY-OMP OPEN MASONRY PORCH- | 391 |
| 5 | OMP OPEN MASONRY PORCH-OMP OPEN MASONRY PORCH-- | 374 |
| 6 | OMP OPEN MASONRY PORCH-OMP OPEN MASONRY PORCH-OMP OPEN MASONRY PORCH- | 860 |
| 7 | OMP OPEN MASONRY PORCH-OMP OPEN MASONRY PORCH-- | 374 |
| 8 | FIN BSMT L A-1SMAS MASONRY-OMP OPEN MASONRY PORCH- | 374 |
| 9 | -1SMAS MASONRY-1SMAS MASONRY- | 829 |
| 10 | -OMP OPEN MASONRY PORCH-- | 318 |
| 11 | -ST_PT STONE OR TILE PATIO-- | 330 |
| 12 | ST_PT STONE OR TILE PATIO--- | 6,666 |
| 13 | -OMP OPEN MASONRY PORCH-- | 672 |
| 14 | -ST_PT STONE OR TILE PATIO-- | 216 |
| 15 | -MG/BG MASONRY/BRICK GARAGE-- | 2,040 |
| 0 | --- | 1,053 |
| 1 | ST_PT STONE OR TILE PATIO--- | 56 |
| 2 | OMP OPEN MASONRY PORCH-1SMAS MASONRY-- | 621 |
| 3 | 1SMAS MASONRY--- | 1,706 |

4/21/22, 12:50 PM         Fulton County Board of Assessors

| | | |
|---|---|---|
| 4 | OMP OPEN MASONRY PORCH--- | 16 |
| 5 | -1SMAS MASONRY-- | 1,440 |
| 6 | -OMP OPEN MASONRY PORCH-- | 114 |
| 7 | -ST_PT STONE OR TILE PATIO-- | 228 |

OBY Details

| Card #: | Description: | Year Built: | Grade: | Width: | Length: | Area: |
|---|---|---|---|---|---|---|
| 1 | RP5-POOL GUNI | 2016 | E | 28 | 48 | 1,344 |
| 1 | TC1-TENNIS AS | 2016 | A | 60 | 120 | 1 |

Land

| | |
|---|---|
| Line Number: | 1 |
| Land Type: | A - ACREAGE |
| Land Code: | 5 |
| Square Feet: | 165,092 |
| Acres: | 3.79 |



| Item | Area |
|---|---|
| Main Building | 6066 |
| POOL GUNI - RP5:POOL GUNI | 1344 |
| A1 - 52/20:FIN BSMT L A/1SMAS MASONRY | 2324 |
| A10 - 21:OMP OPEN MASONRY PORCH | 318 |
| A11 - 34:ST_PT STONE OR TILE PATIO | 330 |
| A12 - 34:ST_PT STONE OR TILE PATIO | 6666 |
| A13 - 21:OMP OPEN MASONRY PORCH | 672 |

| | |
|---|---|
| A14 - 34:ST_PT STONE OR TILE PATIO | 216 |
| A15 - 23:MG/BG MASONRY/BRICK GARAGE | 2040 |
| TENNIS AS - TC1:TENNIS AS | 1 |
| A2 - 23/20:MG/BG MASONRY/BRICK GARAGE/1SMAS MASONRY | 1904 |
| A3 - 52/20:FIN BSMT L A/1SMAS MASONRY | 448 |
| A4 - 52/20/21:FIN BSMT L A/1SMAS MASONRY/OMP OPEN MASONRY PORCH | 391 |
| A5 - 21/21:OMP OPEN MASONRY PORCH/OMP OPEN MASONRY PORCH | 374 |
| A6 - 21/21/21:OMP OPEN MASONRY PORCH/OMP OPEN MASONRY PORCH/OMP OPEN MASONRY PORCH | 860 |
| A7 - 21/21:OMP OPEN MASONRY PORCH/OMP OPEN MASONRY PORCH | 374 |
| A8 - 52/20/21:FIN BSMT L A/1SMAS MASONRY/OMP OPEN MASONRY PORCH | 374 |
| A9 - 20/20:1SMAS MASONRY/1SMAS MASONRY | 829 |

4/21/22, 1:00 PM                                Fulton County Board of Assessors

Home   **Property Records Search**   Contact Us

Owner Search    Parcel Search    Address Search    Advanced Search    Personal Property Search    Map Search

| | | |
|---|---|---|
| Profile | PARID: 17 0141 LL0401 | |
| Sales | 3540 WOODHAVEN ROAD LLC | 3540 WOODHAVEN RD NW |
| Residential | Appeals - Details | 1 of 2 > |

|  |  |
|---|---|
| Profile | |
| Sales | |
| Residential | |
| Commercial | Hearing Type — Board of Assessors |
| Permits | Original Notice Value — $10,229,900 |
| OBY | Original Notice Date — 06/21/2021 |
| Values | Expiration Date — 10/28/2021 |
| Values History | Appeal Reason — Value and Uniformity |
| Land | Status — 299C Value Roll |
| Agricultural | Taxpayer Value |
| Sketch | Appeal Status |
| Pictometry Imagery | Time Elapsed |
| Map | BOE / Arb Flag — Notice Record |
| **Appeals** | Division — RESIDENTIAL PROPERTIES |
| Appeals History | Appraiser — Steven Parrish |
| Personal Property | Agent — DERMER |
| PP Value History | Schedule Date |
| Tax Information | Schedule Time |
| | Appointment Type |
| | Board Number |
| | SC Case Year |
| | SC Case No |
| | SC Certify Date |
| | Field Check |
| | Results — Previous Year BOE Value Roll |
| | Result Date |
| | Result Reason(s) — Prev year BOE/SC/ARB/MORATORIUM |
| | Owner Name/Address — 3540 WOODHAVEN ROAD LLC |
| | Notices — 306C 09/28/2021C4 09/16/2021BCNF 09/03/2021 |

| 1 of 1 |
|---|
| Return to Search Results |

**Actions**
🖶 Printable Summary
🖶 Printable Version

**Reports**
- Mailing List
- Attribute Export
- Residential PRC
- Commercial PRC
- 2020 Real Estate Notice
- 2021 Real Estate Notice
- 2020 Business PP Notice
- 2021 Business PP Notice

Go

**Links**
Land Use Codes

---

**BOARD OF ASSESSORS**



**Peachtree Center North Tower
(Main Office)**
235 Peachtree Street, NE Suite 1400
Atlanta, GA 30303
Hours of Operation:
Monday-Friday 8am-4:30pm

**Fulton County Government**
141 Pryor Street, Suite 101
Atlanta, GA 30303-3487

**Alpharetta Service Center**
11575 Maxwell Road
Alpharetta, GA 30009

**North Service Center**
7741 Roswell Road, N.E.,
Atlanta, GA 30350

**South Service Center**
5600 Stonewall Tell Road,
College Park, GA 30349

4/21/22, 1:03 PM                                        Fulton County Board of Assessors

Home   **Property Records Search**   Contact Us

Owner Search    Parcel Search    Address Search    Advanced Search    Personal Property Search    Map Search

| Profile | PARID: 17 0141 LL0401 | | | | | | 1 of 1 |
| Sales | 3540 WOODHAVEN ROAD LLC | | | 3540 WOODHAVEN RD NW | | | |
| Residential | Appeals | | | | | | Return to Search Results |
| Commercial | | | | | | | |
| Permits | Tax Year | Hearing Type | Subkey | Original Notice Date | File Date | Appeal Status | **Actions** |
| OBY | 2012 | C.O.A. Notice | 1 | 05/14/2012 | | Time Elapsed | 🖨 Printable Summary |
| Values | 2013 | C.O.A. Notice | 1 | 06/15/2013 | | Time Elapsed | 🖨 Printable Version |
| Values History | 2014 | C.O.A. Notice | 1 | 06/06/2014 | | Time Elapsed | |
| Land | 2015 | C.O.A. Notice | 1 | 06/05/2015 | | Time Elapsed | **Reports** |
| Agricultural | 2016 | C.O.A. Notice | 1 | 06/10/2016 | | Time Elapsed | Mailing List |
| Sketch | 2017 | C.O.A. Notice | 1 | 05/19/2017 | | Time Elapsed | Attribute Export |
| Pictometry Imagery | 2017 | C.O.A. Notice | 2 | 08/04/2017 | | Time Elapsed | Residential PRC |
| Map | 2018 | C.O.A. Notice | 1 | 05/22/2018 | | Time Elapsed | Commercial PRC |
| Appeals | 2019 | Board of Equalization | 1 | | 11/19/2019 | Time Elapsed | 2020 Real Estate Notice |
| **Appeals History** | 2019 | Board of Assessors | 1 | 06/18/2019 | 08/02/2019 | Certified to BOE | 2021 Real Estate Notice |
| Personal Property | 2019 | C.O.A. Notice | 1 | 06/18/2019 | | Time Elapsed | 2020 Business PP Notice |
| PP Value History | 2020 | Board of Equalization | 1 | | 12/22/2020 | Time Elapsed | 2021 Business PP Notice |
| Tax Information | 2020 | Board of Assessors | 1 | 06/19/2020 | 08/03/2020 | Certified to BOE | |
| | 2020 | C.O.A. Notice | 1 | 06/19/2020 | | Appealed to BTA | Go |
| | 2021 | Board of Assessors | 1 | 06/21/2021 | 08/05/2021 | Time Elapsed | **Links** |
| | 2021 | C.O.A. Notice | 1 | 06/21/2021 | | Appealed to BTA | Land Use Codes |

Notices

| Tax Year | Hearing Type | Subkey | Notice Type | Mail Date |
|---|---|---|---|---|
| 2016 | C.O.A. Notice | 1 | Posted to Courthouse | 12/02/2016 |
| 2019 | Board of Equalization | 1 | BOE Decision Form | 03/04/2020 |
| 2019 | Board of Equalization | 1 | BOE Appointment Letter | 02/03/2020 |
| 2019 | Board of Assessors | 1 | No Change Letter | 12/11/2019 |
| 2019 | Board of Assessors | 1 | No Change Agenda RE | 11/21/2019 |
| 2019 | Board of Assessors | 1 | Appeal Acknowledgement BOA | 10/03/2019 |
| 2020 | Board of Equalization | 1 | BOE Decision Form | 06/09/2021 |
| 2020 | Board of Equalization | 1 | BOE Appointment Letter | 05/10/2021 |
| 2020 | Board of Assessors | 1 | No Change Letter | 12/30/2020 |
| 2020 | Board of Assessors | 1 | No Change Agenda RE | 12/17/2020 |
| 2020 | Board of Assessors | 1 | Appeal Acknowledgement BOA | 08/18/2020 |
| 2021 | Board of Assessors | 1 | 30 Day Notice | 09/28/2021 |
| 2021 | Board of Assessors | 1 | 299C Value Roll | 09/16/2021 |
| 2021 | Board of Assessors | 1 | Appeal Acknowledgement BOA | 09/03/2021 |
| 2021 | C.O.A. Notice | 1 | Posted to Courthouse | 11/22/2021 |

**BOARD OF ASSESSORS**



**Peachtree Center North Tower
(Main Office)**
235 Peachtree Street, NE Suite 1400
Atlanta, GA 30303
Hours of Operation:
Monday-Friday 8am-4:30pm

**Fulton County Government**
141 Pryor Street, Suite 101
Atlanta, GA 30303-3487

**Alpharetta Service Center**
11575 Maxwell Road
Alpharetta, GA 30009

**North Service Center**
7741 Roswell Road, N.E.,
Atlanta, GA 30350

**South Service Center**
5600 Stonewall Tell Road,
College Park, GA 30349

Eagle County, CO        201609298
Teak J Simonton        06/17/2016
Pgs: 2                 02:59:28 PM
REC: $16.00   DOC: $148.50



**Warranty Deed**

(Pursuant to 38-30-113 C.R.S.)

State Documentary Fee
Date: June 16, 2016
$ 148.50

THIS DEED, made on June 16, 2016 by DEBRA J. EDWARDS AND DEAN P. EDWARDS Grantor(s), of the County of EAGLE and State of COLORADO for the consideration of ($1,485,000.00) *** One Million Four Hundred Eighty Five Thousand and 00/100 *** dollars in hand paid, hereby sells and conveys to JAMES F. PORTER, JR. Grantee(s), whose street address is 2417 SE 22ND PLACE OCALA, FL 34471, County of MARION, and State of FLORIDA, the following real property in the County of Eagle, and State of Colorado, to wit:

LOT 12N, A RESUBDIVISION OF LOT 12, A RESUBDIVISION OF LOTS 12 AND 13, BLOCK 3, WILDRIDGE, ACCORDING TO THE PLAT RECORDED MAY 12, 2016 UNDER RECEPTION NO. 201009073, COUNTY OF EAGLE, STATE OF COLORADO.

also known by street and number as: 4123 LITTLE POINT AKA LOT 12N BLK 3 WILDRIDGE AVON CO 81620

with all its appurtenances and warrants the title to the same, subject to GENERAL TAXES AND ASSESSMENTS FOR THE YEAR 2016 AND SUBSEQUENT YEARS AND SUBJECT TO THOSE ITEMS AS SET FORTH ON EXHIBIT "A" ATTACHED HERETO AND INCORPORATED HEREIN.

DEBRA J. EDWARDS

DEAN P. EDWARDS

State of COLORADO        )
                         ) ss.
County of EAGLE          )

CHARIS D. PATTERSON
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20084007708
My Commission Expires March 3, 2020

The foregoing instrument was acknowledged before me on this day of June 16, 2016 by DEBRA J. EDWARDS AND DEAN P. EDWARDS

Notary Public
My commission expires       03/03/20

When Recorded Return to:   JAMES F. PORTER, JR.
                           2417 SE 22ND PLACE OCALA, FL 34471

Form 13082  09/2008  wd.open.odt   Warranty Deed Open  (Photographic)     V50043349      {25245020}

Land Title

2B - PROPERTY RECORD

# EXHIBIT A

Property Address:     4123 LITTLE POINT AKA LOT 12N BLK 3 WILDRIDGE  AVON CO 81620

RIGHTS OF WAY FOR DITCHES OR CANALS CONSTRUCTED BY THE AUTHORITY OF THE UNITED STATES, AS RESERVED IN UNITED STATES PATENT RECORDED NOVEMBER 23, 1949, IN BOOK 134 AT PAGE 524.

RESERVATION OF ALL THE COAL AND OTHER MINERALS IN THE LAND TOGETHER WITH THE RIGHT TO PROSPECT FOR MINE AND REMOVE THE SAME PURSUANT TO THE PROVISIONS AND LIMITATIONS OF THE ACT OF DECEMBER 29, 1916 AS RESERVED IN DOCUMENT RECORDED NOVEMBER 23, 1949 IN BOOK 134 AT PAGE 524.

RESTRICTIVE COVENANTS WHICH DO NOT CONTAIN A FORFEITURE OR REVERTER CLAUSE, BUT OMITTING ANY COVENANTS OR RESTRICTIONS, IF ANY, BASED UPON RACE, COLOR, RELIGION, SEX, SEXUAL ORIENTATION, FAMILIAL STATUS, MARITAL STATUS, DISABILITY, HANDICAP, NATIONAL ORIGIN, ANCESTRY, OR SOURCE OF INCOME, AS SET FORTH IN APPLICABLE STATE OR FEDERAL LAWS, EXCEPT TO THE EXTENT THAT SAID COVENANT OR RESTRICTION IS PERMITTED BY APPLICABLE LAW, AS CONTAINED IN INSTRUMENT RECORDED SEPTEMBER 14, 1982, IN BOOK 345 AT PAGE 844.

EASEMENTS, CONDITIONS, COVENANTS, RESTRICTIONS, RESERVATIONS AND NOTES ON THE WILDRIDGE SUBDIVISION FINAL PLAT RECORDED OCTOBER 8, 1981 IN BOOK 330 AT PAGE  78.

EASEMENTS, CONDITIONS, COVENANTS, RESTRICTIONS, RESERVATIONS AND NOTES ON THE PLAT OF A RESUBDIVISION OF LOTS 12 AND 13, BLOCK 3, WILDRIDGE RECORDED OCTOBER 09, 2008 UNDER RECEPTION NO. 200821796.

EASEMENTS, CONDITIONS, COVENANTS, RESTRICTIONS, RESERVATIONS AND NOTES ON THE PLAT OF A RESUBDIVISION OF LOT 12, A RESUBDIVISION OF LOTS 12 AND 13, BLOCK 3, WILDRIDGE RECORDED MAY 12, 2010 UNDER RECEPTION NO. 201009073.

TERMS, CONDITIONS AND PROVISIONS OF PARTY WALL DECLARATION BUT OMITTING ANY COVENANTS OR RESTRICTIONS, IF ANY, BASED UPON RACE, COLOR, RELIGION, SEX, SEXUAL ORIENTATION, FAMILIAL STATUS, MARITAL STATUS, DISABILITY, HANDICAP, NATIONAL ORIGIN, ANCESTRY, OR SOURCE OF INCOME, AS SET FORTH IN APPLICABLE STATE OR FEDERAL LAWS, EXCEPT TO THE EXTENT THAT SAID COVENANT OR RESTRICTION IS PERMITTED BY APPLICABLE LAW AS CONTAINED IN INSTRUMENT RECORDED MAY 12, 2010 AT RECEPTION NO. 201009074.

TERMS, CONDITIONS AND PROVISIONS OF GRANT OF EASEMENT AND SHARED DRIVEWAY DECLARATION RECORDED MAY 12, 2010 AT RECEPTION NO. 201009077.

Doc# 2074741 05/09/2016   11:14AM
Filed & Recorded in Official Records of
MONROE COUNTY   AMY HEAVILIN

THIS INSTRUMENT PREPARED BY AND RETURN TO:

**Sonia Wiseman**
Hershoff, Lupino & Yagel, LLP
90130 Old Highway
Tavernier, Florida 33070

05/09/2016   11:14AM
DEED DOC STAMP  CL: ROBI      $4,025.00

Property Appraisers Parcel Identification (Folio) Numbers: 00088259-001814

Doc# 2074741
Bk# 2795  Pg# 1508

Florida Documentary Stamps in the amount of $4,025.00 have been paid hereon

_____ Space Above This Line For Recording Data _____

**THIS WARRANTY DEED**, made the 6th day of May, 2016 by George Llewelyn Richards and Marcia Diane Richards, husband and wife , whose post office address is 1107 East Ridge Village Drive, Cutler Bay, FL 33157 herein called the grantors, to Empower Investment Group LLC, a Florida limited liability company , whose post office address is 13727 SW 152 Street #125, Miami, FL 33177, hereinafter called the Grantee:
*(Wherever used herein the terms "grantor" and "grantee" include all the parties to this instrument and the heirs, legal representatives and assigns of individuals, and the successors and assigns of corporations)*

**W I T N E S S E T H**: That the grantors, for and in consideration of the sum of TEN AND 00/100'S ($10.00) Dollars and other valuable considerations, receipt whereof is hereby acknowledged, hereby grants, bargains, sells, aliens, remises, releases, conveys and confirms unto the grantee all that certain land situate in MONROE County, State of Florida, viz.:

Unit No. W-31 of Buttonwood Bay No.19, a Condominium, according to The Declaration of Condominium recorded in Official Records Book 795, Page 2192, and all exhibits and amendments thereof, Public Records of Monroe County, Florida; together with the undivided interest in the common elements designated in Condominium Declaration appurtenant thereto, together with Boat Slip Number 244.

Subject to easements, restrictions and reservations of record and taxes for the year 2016 and thereafter.

**TOGETHER**, with all the tenements, hereditaments and appurtenances thereto belonging or in anywise appertaining.

**TO HAVE AND TO HOLD**, the same in fee simple forever.

**AND**, the grantors hereby covenant with said grantee that the grantors are lawfully seized of said land in fee simple; that the grantors have good right and lawful authority to sell and convey said land, and hereby warrant the title to said land and will defend the same against the lawful claims of all persons whomsoever; and that said land is free of all encumbrances, except taxes accruing subsequent to December 31, 2015.

**IN WITNESS WHEREOF**, the said grantors have signed and sealed these presents the day and year first above written.

Signed, sealed and delivered in the presence of:

_____
Witness #1 Signature

_____
Witness #1 Printed Name

_____
Witness #2 Signature

_____
Witness #2 Printed Name

_____
ANTONIO HERNANDEZ

_____
Sonia WISEMAN

_____
George Llewelyn Richards

_____
Marcia Diane Richards

**STATE OF FLORIDA**
**COUNTY OF MONROE**

The foregoing instrument was acknowledged before me this 6th day of May, 2016 by George Llewelyn Richards and Marcia Diane Richards who are personally known to me or have produced _____ FL DL _____ as identification.

3B(i) - PROPERTY RECORD

## CONSENT TO SELL

The undersigned, BUTTONWOOD BAY CONDOMINIUM ASSOCIATION, INC.,
a non-profit Florida Corporation, consents to the sale

Doc# 2074741
Bk# 2795 Pg# 1509

From:   Richards George Llewelyn And Marcia Diane

To:      Empower Investment Group

of the following described property, to wit:
That certain Condominium Parcel composed of Unit Number  W-31 and an un-
divided one-twentieth percent share of the Common Elements appurtenant thereto
in accordance with and subject to the covenants, conditions, restrictions,
terms and other provisions of that Declaration of Condominium of Buttonwood
Bay Number 19 condominium as recorded in Official Records Book 795 at Page 2191
of the Public Records of Monroe County, Florida, and recorded Amendments thereto,
if any.

IN WITNESS WHEREOF, the undersigned has set its hand and seal this _26_ day of
April, 2016.

BUTTONWOOD BAY CONDOMINIUM
ASSOCIATION, INC.
A non-profit Florida Corporation

Witness:

LISSETTE LOPEZ

By:_____
James R. Stoker
Secretary

STATE OF FLORIDA      )
                      :  SS.
COUNTY OF MONROE      )

I HEREBY CERTIFY that on this day _April, 2 6 2016._ James R. Stoker, before me
personally appeared as Secretary of BUTTONWOOD BAY CONDOMINIUM ASSOCIATION,
INC., a non-profit Florida Corporation, to me known to be the person who signed the foregoing
Consent to Sale as such Officer, and acknowledged the execution thereof to be his/her free act and
deed for the uses and purposes therein mentioned and that he/she affixed thereto the official seal of
said Corporation and that said instrument is the act an deed of said Corporation.

WITNESS, my hand and official seal at Key Largo, Florida, the day and year last aforesaid.

My Commission Expires:

Notary Public
State of Florida At Large

Prepared By: Becker & Poliakoff, P.A.
5201 Blue Lagoon Drive Suite 100
Miami, Florida 33126

SANDRA J. WAICHULIS
Notary Public - State of Florida
My Comm. Expires Jul 2, 2016
Commission # EE 177000
Bonded Through National Notary Assn.

STATE OF FLORIDA
MONROE
This is to certify that this is a true copy of the original on file in this Office. Witness
My hand and Official Seal
And that same is in full force and effect

This _21_ day of _April_

A.D., 20 _22_     MONROE COUNTY
KEVIN MADOK, CPA     OFFICIAL RECORDS
Clerk Circuit Court

By:_____

3B(ii) - PROPERTY RECORD

Doc# 2117724 04/06/2017   11:24AM
Filed & Recorded in Official Records of
MONROE COUNTY   KEVIN MADOK

04/06/2017   11:24AM
DEED DOC STAMP   CL: Krys      $4,431.00

Prepared by and return to:
David A. Kobrin

David A Kobrin P.A
8900 SW 107 AVE
Miami, FL 33176
305-596-0124
File Number: Gordon Keys
Will Call No.:

Doc# 2117724
Bk# 2847   Pg# 2143

[Space Above This Line For Recording Data]

# Trustee's Deed

**This Trustee's Deed** made this **31st day of March, 2017** between Stephen R. Chepenik, Melvin Gordon as Co-Trustee(s) of the **Roslyn Gordon,** a/k/a Rose Gordon, Trustee u/t/d 02/20/2002 whose post office address is 11120 N. Kendall Drive, Suite 200, Miami, FL 33176, grantor, and **Jorge Perez and Liansy C. Carbonell, for a joint life estate,** with a remainder to Christina Ada Perez and Elizabeth Estrella Perez, **as joint tenants with the right of survivorship,** whose post office address is 8724 SW 72 Street, Miami, FL 33173, grantee:

(Whenever used herein the terms grantor and grantee include all the parties to this instrument and the heirs, legal representatives, and assigns of individuals, and the successors and assigns of corporations, trusts and trustees)

**Witnesseth,** that said grantor, for and in consideration of the sum TEN AND NO/100 DOLLARS ($10.00) and other good and valuable considerations to said grantor in hand paid by said grantee, the receipt whereof is hereby acknowledged, has granted, bargained, and sold to the said grantee, and grantees heirs and assigns forever, the following described land, situate, lying and being in Monroe County, Florida, to-wit:

Unit No. M-4 of Buttonwood Bay No. 7,   a Condominium, according to the Declaration of Condominium recorded in Official Records Book 582, Page 803, and all exhibits and amendments thereof, Public Records of Monroe County, Florida.

Grantors certify that the subject property is not now, and has never been Grantor's homestead, nor is it contiguous to Grantor's homestead, and that Grantors' homestead is located at:
Stephen R. Chepenik: 11800 SW 67 Ct., Miami, FL 33156
Melvin Gordon:  1540 Shoreline Way, Hollywood, FL 33019.

**Together** with all the tenements, hereditaments and appurtenances thereto belonging or in anywise appertaining.

**To Have and to Hold,** the same in fee simple forever.

**And** the grantor hereby covenants with said grantee that the grantor is lawfully seized of said land in fee simple; that the grantor has good right and lawful authority to sell and convey said land; that the grantor hereby fully warrants the title to said land and will defend the same against the lawful claims of all persons claiming by, through or under grantors.

**In Witness Whereof,** grantor has hereunto set grantor's hand and seal the day and year first above written.

DoubleTimes

Doc# 2117724
Bk# 2547   Pg# 2144

Signed, sealed and delivered in our presence:

Witness Name: Christian Santillan

Witness Name: David A. Kobrin

Witness Name: David A. Kobrin

Witness Name: christian Santillan

Stephen R. Chepenik, Trustee

Melvin Gordon, Trustee

State of Florida
County of Miami-Dade

The foregoing instrument was acknowledged before me this 31st day of March, 2017 by Stephen R. Chepenik, Melvin Gordon as Co-Trustee(s) of the Roslyn Gordon, a/k/a Rose Gordon, Trustee u/t/d 02/20/2002, who [_] are personally known or [X] have produced a driver's license as identification.

[Notary Seal]



DAVID ANDREW KOBRIN
MY COMMISSION #FF74950
EXPIRES January 27, 2018
(407) 398-0153   FloridaNotaryService.com

Notary Public

Printed Name: David A. Kobrin

My Commission Expires: 01/27/18

*Trustee's Deed* - Page 2

DoubleTime®

## CONSENT TO SELL

The undersigned, BUTTONWOOD BAY CONDOMINIUM ASSOCIATION, INC., a non-profit Florida Corporation, consents to the sale

From: Gordon Roslyn Trust 2/20/2002

To:    Liansy C. Carbonell and Jorge Perez

Doc# 2117724
Bk# 2847 Pg# 2145

of the following described property, to wit:
That certain Condominium Parcel composed of Unit Number M-4 and an un-divided one-ninth percent share of the Common Elements appurtenant thereto in accordance with and subject to the covenants, conditions, restrictions, terms and other provisions of that Declaration of Condominium of Buttonwood Bay Number 07 condominium as recorded in Official Records Book 582 at Page 803 of the Public Records of Monroe County, Florida, and recorded Amendments thereto, if any.

IN WITNESS WHEREOF, the undersigned has set its hand and seal this 24 day of March, 2017

BUTTONWOOD BAY CONDOMINIUM
ASSOCIATION, INC.
A non-profit Florida Corporation

Witness:

LISSETTE LOPEZ

By: _____
William H. Besgen
Vice President

STATE OF FLORIDA     )
                     :  SS.
COUNTY OF MONROE     )

I HEREBY CERTIFY that on this 24 day March, 2017 William H. Besgen before me personally appeared as Secretary of BUTTONWOOD BAY CONDOMINIUM ASSOCIATION, INC., a non-profit Florida Corporation, to me known to be the person who signed the foregoing Consent to Sale as such Officer, and acknowledged the execution thereof to be his/her free act and deed for the uses and purposes therein mentioned and that he/she affixed thereto the official seal of said Corporation and that said instrument is the act an deed of said Corporation.

WITNESS, my hand and official seal at Key Largo, Florida, the day and year last aforesaid.

My Commission Expires:

Notary Public
State of Florida At Large

STATE OF FLORIDA
COUNTY OF MONROE
SANDRA J WAUCHULA
Notary Public - State of Florida
My Comm. Expires Jul 2, 2020
Bonded through National Notary Assn.

Prepared By:  Becker & Poliakoff, P.A.
              5201 Blue Lagoon Drive Suite 100
              Miami, Florida 33126

A True Copy of the
this Office. Witness
Official Seal
in full force and effect

MONROE COUNTY
OFFICIAL RECORDS

This ___ day of April
A.D. 20 22
KEVIN MADOK, CPA
Clerk Circuit Court

By: _____

Prepared by and return to:
Barbie C. Rodriguez
Manager
The Law Office of William G. Hersman, P.A.
10631 N. Kendall Drive Suite 210
Miami, FL 33176
786-621-6339
File Number:  4000-230
Will Call No.:

_____[Space Above This Line For Recording Data]_____

# Warranty Deed

**This Warranty Deed** made this 15th day of September, 2016 between Humberto Pedroso and Zoraida Pedroso, husband and wife whose post office address is 5401 SW 77 CT, E205, MIAMI FL 33155 , grantor, and Empower Investment Group, LLC., a Florida Limited Liability Company whose post office address is 8724 SW 72 ST, 459, Miami, FL 33173, grantee:

(Whenever used herein the terms "grantor" and "grantee" include all the parties to this instrument and the heirs, legal representatives, and assigns of individuals, and the successors and assigns of corporations, trusts and trustees)

**Witnesseth,** that said grantor, for and in consideration of the sum of TEN AND NO/100 DOLLARS ($10.00) and other good and valuable considerations to said grantor in hand paid by said grantee, the receipt whereof is hereby acknowledged, has granted, bargained, and sold to the said grantee, and grantee's heirs and assigns forever, the following described land, situate, lying and being in **Miami-Dade County, Florida** to-wit:

    Condominium Unit No. 13820, of Tamiair Park Condominium No. 1, a Condominium, according to the Declaration of Condominium thereof, as recorded in Official Records Book 11140, Page 905, of the Public Records of Miami-Dade County, Florida, together with an undivided interest in the common elements appurtenant thereto,

    The United States of America, on behalf of the Small Business Administration, retains its right of redemption pursuant to the provisions of 28 U.S.C. Section 2410(c) that if it be the successful bidder at the foreclosure sale will be allowed thirty (30) days to deliver Treasury check in payment of the amount of its bid, and that the deposit required by Section 45.021(2), Florida Statues, be waived.

    Parcel Identification Number: 30-5922-012-0010

    Grantor warrants that at the time of this conveyance, the subject property is not the Grantor's homestead within the meaning set forth in the constitution of the state of Florida, nor is it contiguous to or a part of homestead property. Grantor's residence and homestead address is 5401 SW 77 CT E 205, MIAMI, FL 33155

**Together** with all the tenements, hereditaments and appurtenances thereto belonging or in anywise appertaining.

**To Have and to Hold,** the same in fee simple forever.

**And** the grantor hereby covenants with said grantee that the grantor is lawfully seized of said land in fee simple; that the grantor has good right and lawful authority to sell and convey said land; that the grantor hereby fully warrants the title to said land and will defend the same against the lawful claims of all persons whomsoever; and that said land is free of all encumbrances, except taxes accruing subsequent to December 31, 2015.

DoubleTime®

**5B - PROPERTY RECORD**

**In Witness Whereof,** grantor has hereunto set grantor's hand and seal the day and year first above written.

Signed, sealed and delivered in our presence:

Witness Name: __Francheska Martin__

Witness Name: __Kathleen Keen__

Witness Name: __Francheska Martin__

Witness Name: __Kathleen Keen__

_____ (Seal)
Humberto Pedroso

_____ (Seal)
Zoraida Pedroso

State of Florida
County of Miami-Dade

The foregoing instrument was acknowledged before me this 15th day of September, 2016 by Humberto Pedroso and Zoraida Pedroso, who [_] are personally known or [X] have produced a driver's license as identification.

[Notary Seal]

_____
Notary Public

Printed Name: Barbie Rodriguez _____

My Commission Expires: 9/3/2017 _____

BARBIE RODRIGUEZ
Notary Public - State of Florida
My Comm. Expires Sep 3, 2017
Commission # FF 039048

_Warranty Deed - Page 2_

DoubleTime®

This Instrument Prepared
under the supervision of:
Mark J. Loterstein, Esq.
North American Title Company
700 N.w. 107 Avenue, Suite 100
Miami, FL 33172

Return to (via enclosed envelope)
North American Title Company
700 N.w. 107 Avenue, Suite 100
Miami, FL 33172

11601-16-04461

Property Appraiser's Folio No.:
30-5933-035-3450

### SPECIAL WARRANTY DEED

THIS SPECIAL WARRANTY DEED (this "Deed") is made as of the **30** day of **June 2016**, by and between Venetian Lennar, LLC, a Florida limited liability company ("Grantor") having a mailing address of 730 NW 107 Avenue, Miami, FL 33172, and Empower Investment Group, a Florida Limited Liability Company ("Grantee") whose mailing address is 8724 S.W. 72nd Street, Suite 459, Miami, FL 33173.

### W I T N E S S E T H:

THAT Grantor, for and in consideration of the sum of Ten and No/100 Dollars ($10.00), and other good and valuable consideration, the receipt of which is hereby acknowledged, by these presents does grant, bargain and sell unto Grantee, and Grantee's heirs, successors and assigns forever, all the right, title, interest, claim and demand that Grantor has in and to the following described real property (the "Property") located and situated in the County of Miami-Dade, State of Florida, to wit:

Lot 13, in Block 25, of VENETIAN PARC WEST, according to the Plat thereof, as recorded in Plat Book 170, Page 27, of the Public Records of Miami-Dade County, Florida.

The Property is conveyed subject to the following:

A.      Conditions, restrictions, limitations, reservations, easements and other agreements of record affecting the Property, if any; but this provision shall not operate to reimpose the same.

B.      Any community development, recreation, water control, water conservation, watershed improvement or special taxing districts affecting the Property including, without limitation, the obligation to pay maintenance assessments, capital assessments and/or taxes in connection therewith, if any.

C.      Applicable zoning, land use and subdivision ordinances, restrictions and/or agreements.

D.      Real estate, ad valorem and non ad valorem taxes and/or assessments, for this and subsequent years not yet due and payable.

E.      Validly existing rights of adjoining owners in any walls and fences situated on a common boundary, if any.

F.      Minor encroachments on easements that do not substantially interfere with an easement holder's interest in the Property.

G.      All provisions of the following documents which may include, without limitation, restrictions, covenants, conditions, easements, lien rights, obligations to pay assessments and architectural restrictions: (i) Declaration for Venetian Parc governing the community at large in which the Property is located recorded in Official Records Book 28532, Page 4284, as affected by mesne instruments recorded in Official Records Book 28532, Page 4433 and in Official Records Book 28621, Page 2228 (collectively, the "Declaration"); and (ii) Venetian Parc Club Club Plan for the community in which the Property is located recorded in Official Records Book 28532, Page 4229 (the "Club Plan"); all as amended and modified from time to time, which are recorded in the Public Records of Miami-Dade County, Florida and are incorporated by reference in their entirety into this Deed.

H.      All covenants, conditions and restrictions contained in this Deed are equitable servitudes, perpetual and run with the land including, without limitation, Sections G, I, J, K and L.

I.      The requirements of Chapter 558 of the Florida Statutes (2012) as it may be renumbered and/or amended from time to time.

J.      Grantor and Grantee specifically agree that this transaction involves interstate commerce and that any Dispute (as hereinafter defined) shall first be submitted to mediation and, if not settled during mediation, shall thereafter be submitted to binding arbitration as provided by the Federal Arbitration Act (9 U.S.C. §§1 et seq.) and not by or in a court of law or equity. "Disputes" (whether contract, warranty, tort, statutory or otherwise) shall

## 6B - PROPERTY RECORD

include, but are not limited to, any and all controversies, disputes or claims (1) arising under, or related to, this Deed, the underlying purchase agreement for the sale and conveyance of the Property, the Property, the community in which the Property is located, or any dealings between Grantee and Grantor; (2) arising by virtue of any representations, promises or warranties alleged to have been made by Grantor or Grantor's representative; (3) relating to personal injury or property damage alleged to have been sustained by Grantee, Grantee's children or other occupants of the Property, or in the community in which the Property is located; or (4) issues of formation, validity or enforceability of this Section. Grantee has accepted this Deed on behalf of his or her children and other occupants of the Property with the intent that all such parties be bound hereby. Any Dispute shall be submitted for binding arbitration within a reasonable time after such Dispute has arisen. Nothing herein shall extend the time period by which a claim or cause of action may be asserted under the applicable statute of limitations or statute of repose, and in no event shall the dispute be submitted for arbitration after the date when institution of a legal or equitable proceeding based on the underlying claims in such Dispute would be barred by the applicable statute of limitations or statute of repose.

(1)     Any and all mediations commenced by Grantor or Grantee shall be filed with and administered by the American Arbitration Association or any successor thereto ("AAA") in accordance with the AAA's Home Construction Mediation Procedures in effect on the date of the request. If there are no Home Construction Mediation Procedures currently in effect, then the AAA's Construction Industry Mediation Rules in effect on the date of such request shall be utilized. Any party who will be relying upon an expert report or repair estimate at the mediation shall provide the mediator and the other parties with a copy of the reports. If one or more issues directly or indirectly relate to alleged deficiencies in design, materials or construction, all parties and their experts shall be allowed to inspect, document (by photograph, videotape or otherwise) and test the alleged deficiencies prior to mediation. Unless mutually waived in writing by the Grantor and Grantee, submission to mediation is a condition precedent to either party taking further action with regard to any matter covered hereunder.

(2)     If the Dispute is not fully resolved by mediation, the Dispute shall be submitted to binding arbitration and administered by the AAA in accordance with the AAA's Home Construction Arbitration Rules in effect on the date of the request. If there are no Home Construction Arbitration Rules currently in effect, then the AAA's Construction Industry Arbitration Rules in effect on the date of such request shall be utilized. Any judgment upon the award rendered by the arbitrator may be entered in and enforced by any court having jurisdiction over such Dispute. If the claimed amount exceeds $250,000.00 or includes a demand for punitive damages, the Dispute shall be heard and determined by three arbitrators; however, if mutually agreed to by the parties, then the Dispute shall be heard and determined by one arbitrator. Arbitrators shall have expertise in the area(s) of Dispute, which may include legal expertise if legal issues are involved. All decisions respecting the arbitrability of any Dispute shall be decided by the arbitrator(s). At the request of any party, the award of the arbitrator(s) shall be accompanied by detailed written findings of fact and conclusions of law. Except as may be required by law or for confirmation of an award, neither a party nor an arbitrator may disclose the existence, content, or results of any arbitration hereunder without the prior written consent of both Grantor and Grantee.

(3)     The waiver or invalidity of any portion of this Section J shall not affect the validity or enforceability of the remaining portions of Section J of the Deed. Grantee and Grantor further agree (1) that any Dispute involving Grantor's affiliates, directors, officers, employees and agents shall also be subject to mediation and arbitration as set forth herein, and shall not be pursued in a court of law or equity; (2) that Grantor may, at its sole election, include Grantor's contractors, subcontractors and suppliers, as well as any warranty company and insurer as parties in the mediation and arbitration; and (3) that the mediation and arbitration will be limited to the parties specified herein.

(4)     To the fullest extent permitted by applicable law, Grantor and Grantee agree that no finding or stipulation of fact, no conclusion of law, and no arbitration award in any other arbitration, judicial, or similar proceeding shall be given preclusive or collateral estoppel effect in any arbitration hereunder unless there is mutuality of parties. In addition, Grantor and Grantee further agree that no finding or stipulation of fact, no conclusion of law, and no arbitration award in any arbitration hereunder shall be given preclusive or collateral estoppel effect in any other arbitration, judicial, or similar proceeding unless there is mutuality of parties.

(5)     Unless otherwise recoverable by law or statute, each party shall bear its own costs and expenses, including attorneys' fees and paraprofessional fees, for any mediation and arbitration. Notwithstanding the foregoing, if a party unsuccessfully contests the validity or scope of arbitration in a court of law or equity, the noncontesting party shall be awarded reasonable attorneys' fees, paraprofessional fees and expenses incurred in defending such contest, including such fees and costs associated with any appellate proceedings. In addition, if a party fails to abide by the terms of a mediation settlement or arbitration award, the other party shall be awarded reasonable attorneys' fees, paraprofessional fees and expenses incurred in enforcing such settlement or award.

(6)     Grantee may obtain additional information concerning the rules of the AAA by visiting its website at www.adr.org or by writing the AAA at 335 Madison Avenue, New York, New York 10017.

(7)     Grantor supports the principles set forth in the Consumer Due Process Protocol developed by the National Consumer Dispute Advisory Committee and agrees to the following:

(a)     Notwithstanding the requirements of arbitration stated in Section J(2) of this Deed, Grantee shall have the option, after pursuing mediation as provided herein, to seek relief in a small claims court for disputes or claims within the scope of the court's jurisdiction in lieu of proceeding to arbitration. This option does not apply to any appeal from a decision by a small claims court.

(b)     Grantor agrees to pay for one (1) day of mediation (mediator fees plus any administrative fees relating to the mediation). Any mediator and associated administrative fees incurred thereafter shall be shared equally by Grantor and Grantee.

(c)     The fees for any claim pursued via arbitration shall be apportioned as provided in the

Home Construction Rules of the AAA or other applicable rules.

(8)     Notwithstanding the foregoing, if either Grantor or Grantee seeks injunctive relief, and not monetary damages, from a court because irreparable damage or harm would otherwise be suffered by either party before mediation or arbitration could be conducted, such actions shall not be interpreted to indicate that either party has waived the right to mediate or arbitrate.  The right to mediate and arbitrate should also not be considered waived by the filing of a counterclaim by either party once a claim for injunctive relief had been filed with a court.

(9)     GRANTOR AND GRANTEE AGREE THAT THE PARTIES MAY BRING CLAIMS AGAINST THE OTHER ONLY ON AN INDIVIDUAL BASIS AND NOT AS A MEMBER IN ANY PURPORTED CLASS OR REPRESENTATIVE ACTION OR COLLECTIVE PROCEEDING. THE ARBITRATOR(S) MAY NOT CONSOLIDATE OR JOIN CLAIMS REGARDING MORE THAN ONE PROPERTY AND MAY NOT OTHERWISE PRESIDE OVER ANY FORM OF A CONSOLIDATED, REPRESENTATIVE, OR CLASS PROCEEDING. ALSO, THE ARBITRATOR(S) MAY AWARD RELIEF (INCLUDING MONETARY, INJUNCTIVE, AND DECLARATORY RELIEF) ONLY IN FAVOR OF THE INDIVIDUAL PARTY SEEKING RELIEF AND ONLY TO THE EXTENT NECESSARY TO PROVIDE RELIEF NECESSITATED BY THAT PARTY'S INDIVIDUAL CLAIM(S). ANY RELIEF AWARDED CANNOT BE AWARDED ON CLASS-WIDE OR MASS-PARTY BASIS OR OTHERWISE AFFECT PARTIES WHO ARE NOT A PARTY TO THE ARBITRATION. NOTHING IN THE FOREGOING PREVENTS GRANTOR FROM EXERCISING ITS RIGHT TO INCLUDE IN THE MEDIATION AND ARBITRATION THOSE PERSONS OR ENTITIES REFERRED TO IN SECTION J(3) ABOVE.

K.     Notwithstanding the Grantor and Grantee's obligation to submit any Dispute to mediation and arbitration, in the event that a particular dispute is not subject to the mediation or the arbitration provisions of Section J of this Deed, then the Grantor and Grantee agree to the following provisions:  GRANTEE ACKNOWLEDGES THAT JUSTICE WILL BEST BE SERVED IF ISSUES REGARDING THIS DEED ARE HEARD BY A JUDGE IN A COURT PROCEEDING, AND NOT A JURY.  GRANTEE AND GRANTOR AGREE THAT ANY DISPUTE, CLAIM, DEMAND, ACTION, OR CAUSE OF ACTION SHALL BE HEARD BY A JUDGE IN A COURT PROCEEDING AND NOT A JURY.  GRANTEE AND GRANTOR HEREBY WAIVE THEIR RESPECTIVE RIGHT TO A JURY TRIAL.

L.     THE VENETIAN PARC COMMUNITY DEVELOPMENT DISTRICT (THE "DISTRICT") MAY IMPOSE AND LEVY TAXES OR ASSESSMENTS, OR BOTH TAXES AND ASSESSMENTS, ON THIS PROPERTY. THESE TAXES AND ASSESSMENTS PAY THE CONSTRUCTION, OPERATION, AND MAINTENANCE COSTS OF CERTAIN PUBLIC FACILITIES AND SERVICES OF THE DISTRICT AND ARE SET ANNUALLY BY THE GOVERNING BOARD OF THE DISTRICT.  THESE TAXES AND ASSESSMENTS ARE IN ADDITION TO COUNTY AND OTHER LOCAL GOVERNMENTAL TAXES AND ASSESSMENTS AND ALL OTHER TAXES AND ASSESSMENTS PROVIDED FOR BY LAW.

Grantor does hereby warrant, and will defend, the title to the Property hereby conveyed, subject as aforesaid, against the lawful claims of all persons claiming by, through or under Grantor, but none other.

[Signature page follows]

Grantee, by acceptance of this Deed, automatically agrees for itself, and its heirs, personal representatives, successors and assigns, to observe and to be bound by all of the terms and conditions set forth in this Deed and in the documents identified above, all exhibits attached thereto, and all future amendments thereof including, without limitation, the provisions of any declarations or other covenants and restrictions applicable to the Property. The term Grantee used in this Deed shall include Grantee's heirs, personal representatives, successors and assigns.

IN WITNESS WHEREOF, Grantor has caused these presents to be executed and its seal to be affixed the day and year first above written.

WITNESSES:

Print Name: _____

Print Name: _____ MARIA C. MONTES

Venetian Lennar, LLC, a Florida limited liability company

By: Lennar Homes, LLC, a Florida limited liability company, as sole member

BY: _____
   Greg McPherson
   Vice President



(SEAL)

State of Florida

County of Miami-Dade

The foregoing instrument was acknowledged before me this 30th day of June, 2016 by Greg McPherson as VP of Lennar Homes, LLC, a Fl LLC, as sole member of Lennar Homes, LLC, a Florida limited liability company, managing member of Venetian Lennar, LLC, a Limited Liability Company under the laws of Florida, on behalf of the Limited Liability Company, who has produced _____ N/A _____ as identification or is personally known to me to be the persons therein.

_____
Notary Public, State of Florida

My commission expires:

> MARIA C. MONTES
> MY COMMISSION # FF 994599
> EXPIRES: June 6, 2020
> Bonded Thru Notary Public Underwriters

Return to (via enclosed envelope)
North American Title Company
700 N.w. 107 Avenue, Suite 100
Miami, FL 33172

This Instrument Prepared
under the supervision of:
Mark J. Loterstein, Esq.
North American Title Company
700 N.w. 107 Avenue, Suite 100
Miami, FL 33172

Property Appraiser's Folio No.:
30-5933-035-3450

Our File No.:  11601-16-04461

## LIMITED LIABILITY COMPANY AFFIDAVIT

Before me, the undersigned authority, personally appeared Jorge E. Perez, Affiant(s), who being by me first duly sworn, on oath deposes and says that:

1. Affiant is the Manager of Empower Investment Group, a Florida Limited Liability Company, ("the Company").

2. The Company is currently in existence under valid articles of organization and regulations and has not been terminated or dissolved.

3. The following parties are all of the members/managers of the Company:

   Jorge E. Perez, Jorge A. Perez and Ricardo J. Perez

4. Affiant, as Manager of the Company, is authorized by the articles of organization, operating agreement or regulations to execute deeds, promissory notes and mortgages on behalf of the limited liability company, and all necessary consents have been obtained.

5. Neither the limited liability company nor any of the members are currently debtors in any bankruptcy proceeding, and this conveyance or mortgage is in the ordinary course of business.

6. This affidavit is given to induce North American Title Insurance Company, and its agent, North American Title Company, to issue its owner's title policy insuring Empower Investment Group, a Florida Limited Liability Company title to the property described as follows:

   · Lot 13, in Block 25, OF VENETIAN PARC WEST, according to the Plat thereof, as recorded in Plat Book 170, Page 27, of the Public Records of Miami-Dade County, Florida.

7. Affiant further states that he/she is familiar with the nature of an oath and with the penalties as provided by the laws of the State of Florida for falsely swearing to statements made in an instrument of this nature.  Affiant further certifies that he/she has fully read this affidavit and understands its contents.

Dated the 30th day of June, 2016.

Empower Investment Group, a Florida Limited Liability
Company

BY: _____
Jorge E. Perez,   Manager

STATE OF FLORIDA
COUNTY OF MIAMI-DADE

SWORN TO AND SUBSCRIBED before me this 30th day of June, 2016 by Jorge E. Perez, the Manager of Empower Investment Group, a Florida Limited Liability Company, , on behalf of the Limited Liability Company, who is personally known to me or who has produced _____ as Identification.

BARBARA CHIRINO GARCIA
MY COMMISSION # FF220527
EXPIRES April 14 2019
FloridaNotaryService.com

_____
Notary Public, State of Florida

Limited Liability Company Affidavit

11601-16-04461

CFN: 20160391621 BOOK 30141 PAGE 966
DATE:07/07/2016 08:12:40 AM
DEED DOC 2,760.00
HARVEY RUVIN, CLERK OF COURT, MIA-DADE CTY

This Instrument Prepared
under the supervision of:
Mark J. Loterstein, Esq.
North American Title Company
700 N.w. 107 Avenue, Suite 100
Miami, FL 33172

Return to (via enclosed envelope)
North American Title Company
700 N.w. 107 Avenue, Suite 100
Miami, FL 33172

11601-16-04462

Property Appraiser's Folio No.:
30-5933-035-3460

### SPECIAL WARRANTY DEED

THIS SPECIAL WARRANTY DEED (this "**Deed**") is made as of the ___30___ day of ___June___, 20_16_, by and between Venetian Lennar, LLC, a Florida limited liability company ("**Grantor**") having a mailing address of 730 NW 107 Avenue, Miami, FL 33172, and Empower Investment Group, a Florida Limited Liability Company ("**Grantee**") whose mailing address is 8724 S.W. 72nd Street, Suite 459, Miami, FL 33173.

#### W I T N E S S E T H :

THAT Grantor, for and in consideration of the sum of Ten and No/100 Dollars ($10.00), and other good and valuable consideration, the receipt of which is hereby acknowledged, by these presents does grant, bargain and sell unto Grantee, and Grantee's heirs, successors and assigns forever, all the right, title, interest, claim and demand that Grantor has in and to the following described real property (the "**Property**") located and situated in the County of Miami-Dade, State of Florida, to wit:

Lot 14, in Block 25, of VENETIAN PARC WEST, according to the Plat thereof, as recorded in Plat Book 170, Page 27, of the Public Records of Miami-Dade County, Florida.

The Property is conveyed subject to the following:

A.    Conditions, restrictions, limitations, reservations, easements and other agreements of record affecting the Property, if any; but this provision shall not operate to reimpose the same.

B.    Any community development, recreation, water control, water conservation, watershed improvement or special taxing districts affecting the Property including, without limitation, the obligation to pay maintenance assessments, capital assessments and/or taxes in connection therewith, if any.

C.    Applicable zoning, land use and subdivision ordinances, restrictions and/or agreements.

D.    Real estate, ad valorem and non ad valorem taxes and/or assessments, for this and subsequent years not yet due and payable.

E.    Validly existing rights of adjoining owners in any walls and fences situated on a common boundary, if any.

F.    Minor encroachments on easements that do not substantially interfere with an easement holder's interest in the Property.

G.    All provisions of the following documents which may include, without limitation, restrictions, covenants, conditions, easements, lien rights, obligations to pay assessments and architectural restrictions: (i) Declaration for Venetian Parc governing the community at large in which the Property is located recorded in Official Records Book 28532, Page 4284, as affected by mesne instruments recorded in Official Records Book 28532, Page 4433 and in Official Records Book 28621, Page 2228 (collectively, the "Declaration"); and (ii) Venetian Parc Club Club Plan for the community in which the Property is located recorded in Official Records Book 28532, Page 4229 (the "Club Plan"); all as amended and modified from time to time, which are recorded in the Public Records of Miami-Dade County, Florida and are incorporated by reference in their entirety into this Deed.

H.    All covenants, conditions and restrictions contained in this Deed are equitable servitudes, perpetual and run with the land including, without limitation, Sections G, I, J, K and L.

I.    The requirements of Chapter 558 of the Florida Statutes (2012) as it may be renumbered and/or amended from time to time.

J.    Grantor and Grantee specifically agree that this transaction involves interstate commerce and that any Dispute (as hereinafter defined) shall first be submitted to mediation and, if not settled during mediation, shall thereafter be submitted to binding arbitration as provided by the Federal Arbitration Act (9 U.S.C. §§1 et seq.) and not by or in a court of law or equity. "Disputes" (whether contract, warranty, tort, statutory or otherwise) shall

7B - PROPERTY RECORD

CFN: 20160391621 BOOK 30141 PAGE 967

include, but are not limited to, any and all controversies, disputes or claims (1) arising under, or related to, this Deed, the underlying purchase agreement for the sale and conveyance of the Property, the Property, the community in which the Property is located, or any dealings between Grantee and Grantor; (2) arising by virtue of any representations, promises or warranties alleged to have been made by Grantor or Grantor's representative; (3) relating to personal injury or property damage alleged to have been sustained by Grantee, Grantee's children or other occupants of the Property, or in the community in which the Property is located; or (4) issues of formation, validity or enforceability of this Section. Grantee has accepted this Deed on behalf of his or her children and other occupants of the Property with the intent that all such parties be bound hereby. Any Dispute shall be submitted to binding arbitration within a reasonable time after such Dispute has arisen. Nothing herein shall extend the time period by which a claim or cause of action may be asserted under the applicable statute of limitations or statute of repose, and in no event shall the dispute be submitted for arbitration after the date when institution of a legal or equitable proceeding based on the underlying claims in such Dispute would be barred by the applicable statute of limitations or statute of repose.

(1)     Any and all mediations commenced by Grantor or Grantee shall be filed with and administered by the American Arbitration Association or any successor thereto ("AAA") in accordance with the AAA's Home Construction Mediation Procedures in effect on the date of the request. If there are no Home Construction Mediation Procedures currently in effect, then the AAA's Construction Industry Mediation Rules in effect on the date of such request shall be utilized. Any party who will be relying upon an expert report or repair estimate at the mediation shall provide the mediator and the other parties with a copy of the reports. If one or more issues directly or indirectly relate to alleged deficiencies in design, materials or construction, all parties and their experts shall be allowed to inspect, document (by photograph, videotape or otherwise) and test the alleged deficiencies prior to mediation. Unless mutually waived in writing by the Grantor and Grantee, submission to mediation is a condition precedent to either party taking further action with regard to any matter covered hereunder.

(2)     If the Dispute is not fully resolved by mediation, the Dispute shall be submitted to binding arbitration and administered by the AAA in accordance with the AAA's Home Construction Arbitration Rules in effect on the date of the request. If there are no Home Construction Arbitration Rules currently in effect, then the AAA's Construction Industry Arbitration Rules in effect on the date of such request shall be utilized. Any judgment upon the award rendered by the arbitrator may be entered in and enforced by any court having jurisdiction over such Dispute. If the claimed amount exceeds $250,000.00 or includes a demand for punitive damages, the Dispute shall be heard and determined by three arbitrators; however, if mutually agreed to by the parties, then the Dispute shall be heard and determined by one arbitrator. Arbitrators shall have expertise in the area(s) of Dispute, which may include legal expertise if legal issues are involved. All decisions respecting the arbitrability of any Dispute shall be decided by the arbitrator(s). At the request of any party, the award of the arbitrator(s) shall be accompanied by detailed written findings of fact and conclusions of law. Except as may be required by law or for confirmation of an award, neither a party nor an arbitrator may disclose the existence, content, or results of any arbitration hereunder without the prior written consent of both Grantor and Grantee.

(3)     The waiver or invalidity of any portion of this Section J shall not affect the validity or enforceability of the remaining portions of Section J of the Deed. Grantee and Grantor further agree (1) that any Dispute involving Grantor's affiliates, directors, officers, employees and agents shall also be subject to mediation and arbitration as set forth herein, and shall not be pursued in a court of law or equity; (2) that Grantor may, at its sole election, include Grantor's contractors, subcontractors and suppliers, as well as any warranty company and insurer as parties in the mediation and arbitration; and (3) that the mediation and arbitration will be limited to the parties specified herein.

(4)     To the fullest extent permitted by applicable law, Grantor and Grantee agree that no finding or stipulation of fact, no conclusion of law, and no arbitration award in any other arbitration, judicial, or similar proceeding shall be given preclusive or collateral estoppel effect in any arbitration hereunder unless there is mutuality of parties. In addition, Grantor and Grantee further agree that no finding or stipulation of fact, no conclusion of law, and no arbitration award in any arbitration hereunder shall be given preclusive or collateral estoppel effect in any other arbitration, judicial, or similar proceeding unless there is mutuality of parties.

(5)     Unless otherwise recoverable by law or statute, each party shall bear its own costs and expenses, including attorneys' fees and paraprofessional fees, for any mediation and arbitration. Notwithstanding the foregoing, if a party unsuccessfully contests the validity or scope of arbitration in a court of law or equity, the noncontesting party shall be awarded reasonable attorneys' fees, paraprofessional fees and expenses incurred in defending such contest, including such fees and costs associated with any appellate proceedings. In addition, if a party fails to abide by the terms of a mediation settlement or arbitration award, the other party shall be awarded reasonable attorneys' fees, paraprofessional fees and expenses incurred in enforcing such settlement or award.

(6)     Grantee may obtain additional information concerning the rules of the AAA by visiting its website at www.adr.org or by writing the AAA at 335 Madison Avenue, New York, New York 10017.

(7)     Grantor supports the principles set forth in the Consumer Due Process Protocol developed by the National Consumer Dispute Advisory Committee and agrees to the following:

(a)     Notwithstanding the requirements of arbitration stated in Section J(2) of this Deed, Grantee shall have the option, after pursuing mediation as provided herein, to seek relief in a small claims court for disputes or claims within the scope of the court's jurisdiction in lieu of proceeding to arbitration. This option does not apply to any appeal from a decision by a small claims court.

(b)     Grantor agrees to pay for one (1) day of mediation (mediator fees plus any administrative fees relating to the mediation). Any mediator and associated administrative fees incurred thereafter shall be shared equally by Grantor and Grantee.

(c)     The fees for any claim pursued via arbitration shall be apportioned as provided in the

CFN: 20160391621 BOOK 30141 PAGE 968

Home Construction Rules of the AAA or other applicable rules.

(8)     Notwithstanding the foregoing, if either Grantor or Grantee seeks injunctive relief, and not monetary damages, from a court because irreparable damage or harm would otherwise be suffered by either party before mediation or arbitration could be conducted, such actions shall not be interpreted to indicate that either party has waived the right to mediate or arbitrate. The right to mediate and arbitrate should also not be considered waived by the filing of a counterclaim by either party once a claim for injunctive relief had been filed with a court.

(9)     GRANTOR AND GRANTEE AGREE THAT THE PARTIES MAY BRING CLAIMS AGAINST THE OTHER ONLY ON AN INDIVIDUAL BASIS AND NOT AS A MEMBER IN ANY PURPORTED CLASS OR REPRESENTATIVE ACTION OR COLLECTIVE PROCEEDING. THE ARBITRATOR(S) MAY NOT CONSOLIDATE OR JOIN CLAIMS REGARDING MORE THAN ONE PROPERTY AND MAY NOT OTHERWISE PRESIDE OVER ANY FORM OF A CONSOLIDATED, REPRESENTATIVE, OR CLASS PROCEEDING. ALSO, THE ARBITRATOR(S) MAY AWARD RELIEF (INCLUDING MONETARY, INJUNCTIVE, AND DECLARATORY RELIEF) ONLY IN FAVOR OF THE INDIVIDUAL PARTY SEEKING RELIEF AND ONLY TO THE EXTENT NECESSARY TO PROVIDE RELIEF NECESSITATED BY THAT PARTY'S INDIVIDUAL CLAIM(S). ANY RELIEF AWARDED CANNOT BE AWARDED ON CLASS-WIDE OR MASS-PARTY BASIS OR OTHERWISE AFFECT PARTIES WHO ARE NOT A PARTY TO THE ARBITRATION. NOTHING IN THE FOREGOING PREVENTS GRANTOR FROM EXERCISING ITS RIGHT TO INCLUDE IN THE MEDIATION AND ARBITRATION THOSE PERSONS OR ENTITIES REFERRED TO IN SECTION J(3) ABOVE.

K.     Notwithstanding the Grantor and Grantee's obligation to submit any Dispute to mediation and arbitration, in the event that a particular dispute is not subject to the mediation or the arbitration provisions of Section J of this Deed, then the Grantor and Grantee agree to the following provisions: GRANTEE ACKNOWLEDGES THAT JUSTICE WILL BEST BE SERVED IF ISSUES REGARDING THIS DEED ARE HEARD BY A JUDGE IN A COURT PROCEEDING, AND NOT A JURY. GRANTEE AND GRANTOR AGREE THAT ANY DISPUTE, CLAIM, DEMAND, ACTION, OR CAUSE OF ACTION SHALL BE HEARD BY A JUDGE IN A COURT PROCEEDING AND NOT A JURY. GRANTEE AND GRANTOR HEREBY WAIVE THEIR RESPECTIVE RIGHT TO A JURY TRIAL.

L.     THE VENETIAN PARC COMMUNITY DEVELOPMENT DISTRICT (THE "DISTRICT") MAY IMPOSE AND LEVY TAXES OR ASSESSMENTS, OR BOTH TAXES AND ASSESSMENTS, ON THIS PROPERTY. THESE TAXES AND ASSESSMENTS PAY THE CONSTRUCTION, OPERATION, AND MAINTENANCE COSTS OF CERTAIN PUBLIC FACILITIES AND SERVICES OF THE DISTRICT AND ARE SET ANNUALLY BY THE GOVERNING BOARD OF THE DISTRICT. THESE TAXES AND ASSESSMENTS ARE IN ADDITION TO COUNTY AND OTHER LOCAL GOVERNMENTAL TAXES AND ASSESSMENTS AND ALL OTHER TAXES AND ASSESSMENTS PROVIDED FOR BY LAW.

Grantor does hereby warrant, and will defend, the title to the Property hereby conveyed, subject as aforesaid, against the lawful claims of all persons claiming by, through or under Grantor, but none other.

[Signature page follows]

CFN: 20160391621 BOOK 30141 PAGE 969

Grantee, by acceptance of this Deed, automatically agrees for itself, and its heirs, personal representatives, successors and assigns, to observe and to be bound by all of the terms and conditions set forth in this Deed and in the documents identified above, all exhibits attached thereto, and all future amendments thereof including, without limitation, the provisions of any declarations or other covenants and restrictions applicable to the Property. The term Grantee used in this Deed shall include Grantee's heirs, personal representatives, successors and assigns.

IN WITNESS WHEREOF, Grantor has caused these presents to be executed and its seal to be affixed the day and year first above written.

WITNESSES:

Print Name: _____

Print Name: __MARIA C. MONTES__

Venetian Lennar, LLC, a Florida limited liability company

By: Lennar Homes, LLC, a Florida limited liability company, as sole member

BY: _____
    Greg McPherson
    Vice President



(SEAL)

State of Florida

County of Miami-Dade

The foregoing instrument was acknowledged before me this 30th day of June, 2016 by Greg McPherson as Vice President of Lennar Homes, LLC, a Florida limited liability company, managing member of Venetian Lennar, LLC, a Limited Liability Company under the laws of Florida, on behalf of the Limited Liability Company, who has produced _____ as Identification or is personally known to me to be the persons therein.

_____
Notary Public, State of Florida

My commission expires:

ADA GONZALEZ
Notary Public - State of Florida
Commission # FF 234351
My Comm. Expires Jul 13, 2019
Bonded through National Notary Assn.