UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

    v.                                            Case No. 3:20-cr-86-TJC-JBT

JORGE PEREZ, Jr. et al.,

    Defendant.
_____/

## UNITED STATES' NOTICE OF INTENT TO INTRODUCE MEDICAL OPINIONS OF TREATING PHYSICIANS

The United States, through undersigned counsel, respectfully files this Notice of Intent to Introduce Medical Opinions Of Treating Physicians.

The Government intends to introduce the testimony of Dr. Emma Wang, Dr. Eric Solomon, and Dr. Marcus DeCarvalho at trial. As part of that testimony, the Government anticipates that those witnesses, who are all medical doctors, will testify regarding medical or clinical opinions on patients that they treated at addiction treatment centers and pain management clinics where they worked, explaining what they did, what their practice was, and what in fact happened to these patients, and applying their specialized training to that experience. In particular, these witnesses will discuss urine drug testing at their practices, how they used it, what kinds of urine drug tests they ordered, and what they did not order.

The testimony of these witnesses will include medical opinions on patients they treated, as well as their opinions on what they observed. The Government expects that at least some of these doctors will testify that the expensive urine drug

1

tests, particularly the confirmatory tests, that were ordered for their patients and billed through the rural hospitals in this case were medically unnecessary, as well as saying that some urine drug testing for their patients was appropriate, and will provide other opinions based on how urine drug tests were used, or not used, in the treatment of their patients.

## LEGAL STANDARD

Non-expert (or lay) witnesses may only testify to opinions or inferences "which are (a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. Subsection (c) was added in 2000, in an attempt to rein in the admission of expert testimony under the guise of lay opinion. *See* Fed. R. Evid. 701, Advisory Committee's note to 2000 amendment (noting that the amendment was aimed at "eliminat[ing] the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing.").

"A treating physician providing lay testimony can testify narrowly, limited to personal knowledge resulting from providing medical care, involving consultation, examination, or treatment of a patient plaintiff." *Chapman v. Procter & Gamble Distrib., LLC*, 766 F.3d 1296, 1316 n.23 (11th Cir. 2014). (*citing United States v. Henderson*, 409 F.3d 1293, 1300 (11th Cir. 2005)). "But 'a treating doctor ... is providing expert testimony if the testimony consists of opinions based on 'scientific, technical, or

other specialized knowledge' regardless of whether those opinions were formed during the scope of interaction with a party prior to litigation.'" *Id.* (*quoting Musser v. Gentiva Health Servs.*, 356 F.3d 751, 757 n.2 (7th Cir. 2004) (quoting Fed. R. Evid. 702(a))).[1]

The Government has provided interview memos summarizing likely aspects of the upcoming testimony of Dr. Emma Wang and Dr. Eric Solomon. Their testimony (as well as Dr. Marcus DeCarvalho's) will be factual in nature and, although they will offer opinions, amount to permissible lay opinions pertaining to their assessments, evaluations, and treatment of their patients. *See Chapman*, 766 F.3d at 1316 n.23 (treating physician can offer lay opinion regarding "consultation, examination, or treatment" of their patient).

Unlike the Government's medical expert (Dr. Corey Waller), these fact witness doctors will not provide expert testimony regarding urine drug testing. Instead, they will testify to what they observed and what they did, how they treated patients, whether certain aspects of treatment, particularly urine drugs testing, were medically necessary at the time (and, if not medically necessary, why they were done, and/or if they even knew such treatments were provided or billed), and the impact that certain practices had on the health of their patients. Such testimony is

---

[1] *See also Davoll v. Webb,* 194 F.3d 1116, 1138 (10th Cir.1999) ("A treating physician is not considered an expert witness if he or she testifies about observations based on personal knowledge, including the treatment of the party."); *Weese v. Schukman,* 98 F.3d 542, 550 (10th Cir.1996) (commenting that doctor's lay opinions "were based on his experience as a physician and were clearly helpful to an understanding of his decision making process in the situation.").

3

squarely permissible, but in an abundance of caution, and to the extent their testimony is later deemed to include any limited expert opinion, the Government is hereby providing the defense with this notice. In sum, these doctors' anticipated testimony is based on their personal knowledge from having treated their patients. Therefore, their lay opinions are admissible under Federal Rule of Evidence 701. *See Chapman*, 766 F.3d at 1316 n.23.

WHEREFORE, the Government respectfully requests that Dr. Wang, Dr. Solomon, and Dr. DeCarvalho be permitted to testify to the above-described opinions as they are the lay opinions of a treating physician.

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

By:  */s/ Tysen Duva*
TYSEN DUVA
Assistant United States Attorney
Florida Bar No. 0603511
300 N. Hogan Street, Suite 700
Jacksonville, Florida 32202
Telephone:  (904) 301-6300
Facsimile:  (904) 301-6310
E-mail:  Tysen.Duva@usdoj.gov

4

JOSEPH S. BEEMSTERBOER
ACTING CHIEF
U.S. DEPARTMENT OF JUSTICE
CRIMINAL DIVISION, FRAUD SECTION

*/s/ James V. Hayes*
JAMES V. HAYES (FL Bar # A5501717)
Senior Litigation Counsel
GARY A. WINTERS (FL Bar # A5501852)
Trial Attorney
United States Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue, NW
Washington, DC 20005
Tel: (202) 598-2382
Email: James.Hayes@usdoj.gov
Gary.Winters@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that, on May 18, 2022, a true and correct copy of the foregoing was filed and served on all counsel via the CM/ECF system.

*/s/ James V. Hayes*