UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

    vs.                                              Case No.: 3:20-CR-86-TJC-JBT

CHRISTIAN FLETCHER, et. al
_____/

### DEFENDANT FLETCHER'S RESPONSE IN OPPOSTION TO THE GOVERNMENT'S REQUEST FOR JUDICIAL NOTICE

Defendant Christian Fletcher opposes the government's motion for judicial notice of certain documents, Dkt. 670. Rule 201, Federal Rules of Evidence, does not authorize judicial notice of these documents. Further, as the government argued to this Court in this case on April 29, 2022, asking the Court to take "judicial notice as to large swaths of evidence is not appropriate." Dkt. 660, at 114.

Rule 201(a) authorizes the court to take notice of "adjudicative" facts. Adjudicative facts are those that are peculiar to the case, as distinct from "legislative" facts, which are facts that always obtain. *Robinson v. Liberty Mutual Ins. Co.*, 958 F.3d 1137 (11th Cir. 2020). Rule 201(b) gives the Court the discretion to judicially notice adjudicative facts if and only if they are "not subject to reasonable dispute" for two reasons: (1) those facts are "generally known within the trial court's *territorial jurisdiction*;" or they "can be accurately and readily

determined from sources whose accuracy cannot reasonably be questioned." The Court need not take judicial notice of facts that are irrelevant to the proceeding, or otherwise excludable under the Federal Rule of Evidence. *United States v. Falcon*, 957 F. Supp. 1572 (S.D. Fla. 1997).

While the Court has wide discretion to take judicial notice of facts, the taking of judicial notice of facts is, as a matter of evidence law, a highly limited process, because the taking of judicial notice bypasses the safeguards which are involved with the usual process of proving facts by competent evidence. *Bryant v. Ford*, 967 F.3d 1272 (11th Cir. 2020); *Dippin' Dots, Inc. v. Frosty Bites Distribution, LLC*, 369 F.3d 1197 (11th Cir. 2004). Thus, the kinds of things about which a court ordinarily takes judicial notice are (1) scientific facts, for instance, when does the sun rise or set; (2) matters of geography, for instance, what are the boundaries of a state; or (3) matters of political history, for instance, who was president in 1958. *Absolute Activist Value Master Fund Limited v. Devine*, 233 F. Supp. 3d 1297 (M.D. Fla. 2017) (*quoting Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997)). Judicial notice cannot be used as a procedure to dispense with establishing the government's case. *United States v. Williams*, 3 M.J. 155 (C.M.A. 1977).

To meet burden of persuading this Court to take judicial notice of a fact, the party requesting judicial notice must (1) persuade court that the particular

2

fact is not reasonably subject to dispute and is capable of immediate and accurate determination by resort to source whose accuracy cannot reasonably be questioned; and (2) must also supply court with source material needed to determine whether request is justified. *In re Hillard Development Corp.*, 238 B.R. 857 (S.D. Fla. 1999).

The critical question is not the source of the documents, it is the source of the adjudicative facts which the government expects the documents to prove. The government has met no part of its burden. It has done no more than identify a list of documents. It has not identified any facts within those documents that are not reasonably subject to dispute, or even what facts it intends to prove by reference to these documents. It does not demonstrate that the facts contained in those documents are generally known within the jurisdiction of the Middle District of Florida. It has failed to demonstrate both that the accuracy of the documents to prove those facts cannot reasonably be questioned, and that the facts stated in the documents are relevant to this criminal case and not excludable under the Federal Rule of Evidence.

Further, the government has made no effort to demonstrate that the accuracy of the documents cannot reasonably be questioned with respect to any facts contained within any of these documents. That a fact is enshrined in a

3

document filed for record does not make that fact unassailable. People are the sources of the facts contained in the documents the government asks the Court to judicially notice – people who can make mistakes or misstatements, and not necessarily for an unlawful purpose. For example, a person may undervalue his property if he contemplates divorce, to lessen his financial burden to his soon-to-be-ex-spouse. Such facts should not be conclusively established by judicial notice, and an argument that he who made the statement should be stuck with it, for all purposes, conflicts with the bedrock principles that a criminal defendant is innocent until proven guilty, and that the government has the untransferrable duty to prove that guilt beyond a reasonable doubt.

Although the government may argue that a deed, properly registered, may be relevant to prove who owned a property on a specific date, the motion does not state that this is the purpose of its request. There may be other facts stated in these deeds which are not relevant, and even as to which a deed, though registered with the clerk, cannot reasonably be presumed to be accurate.

The problem is even more egregious with respect to the other documents. For example, the government asks for judicial notice of an unnamed document (Dkt 670-1, page 3) "To be filed in **FULTON COUNTY**." There is no indication that this document has been filed in Fulton County or elsewhere. It cannot be

4

determined by examination whether this piece of paper is part of a larger document that has been filed. It also contains information as to "value." If the fact the government wants the Court to judicially notice is not the address of the property but rather its value, these are not facts that are "not subject to reasonable dispute," nor is the value of a property a fact that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Quite the contrary; value is not an absolute, it is fair market value on any given day, which can change rapidly. Additionally, this document appears to memorialize the taxable value of the property, not its fair market value. Fair market value is not the same as value for property tax purposes, or homestead purposes.

    Page 3 of Dkt. 670-1 is also irrelevant to prove the facts the government has identified in paragraph 1 of its request for judicial notice. It is not a deed demonstrating that Fletcher and Amber Fletcher bought the identified Woodhaven Road property on April 5, 2016. Rather, this document is a quit-claim deed purporting to demonstrate that they transferred the property at a later date. The later sale of a property does not retroactively alter the facts in existence on the date of its purchase. Similarly, page 7 of Dkt. 670-1 has nothing to do with when or how Christian and Amber Fletcher took title to the

Woodhaven Road property. It does not, on its face, relate to Christian and Amber Fletcher at all.  Rather, it is a "DEED TO SECURE DEBT, ASSIGNMENT, SECURITY AGREEMENT AND FIXTURE FILING" between two entities not identified in paragraphs one through 7 of the government's request for judicial notice.

The government appears to have a much broader purpose than merely saving time and effort in establishing the dates on which the persons or entities identified in their request took title the properties identified in the request, and the types of tenancy established by the documents. It is the unidentified facts which might serve these broader purposes which would prejudice the defense if the court, by granting judicial notice, made them unassailable.

Undersigned counsel has not discovered any authority holding that a document filed or registered with a government agency is conclusively presumed to be accurate as to every fact it contains and admissible in all cases, for any reason, and the government does not cite such authority. It is the government's burden to demonstrate the propriety of judicial notice, and the government has made no serious effort to meet this burden. This motion actually seeks to obtain admission of evidence, conclusively and in a vacuum, before trial, in such a way as to deprive defendants of the opportunity to object and to

deprive the Court of the opportunity to evaluate the admissibility of evidence in its proper context during trial.

Accordingly, the motion at Dkt. 670 should be denied.

Respectfully submitted,

**STEVEN H. SADOW, P.C.**

*s/ Steven H. Sadow*
STEVEN H. SADOW
Georgia Bar Number 622075
260 Peachtree Street, N.W.
Suite 2502
Atlanta, Georgia 30303
Telephone: (404) 577-1400
stevesadow@gmail.com
Attorney for Defendant Fletcher

**LAW OFFICES OF
HORWITZ & CITRO, P.A.**

*s/ Vincent A. Citro*
VINCENT A. CITRO
Florida Bar Number: 0468657
17 East Pine Street
Orlando, Florida 32801
Telephone: (407) 843-7733
vince@horwitzcitrolaw.com
Attorney for Defendant Fletcher

## CERTIFICATE OF SERVICE

I certify that on June 23, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

                                                **LAW OFFICES OF**
                                                **HORWITZ & CITRO, P.A.**

                                                *s/ Vincent A. Citro*
                                                VINCENT A. CITRO
                                                Florida Bar Number: 0468657