UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA,

    v.                                                        Case Number: 3:20-cr-86-TJC-JBT

CHRISTIAN FLETCHER,

_____/

## MOTION FOR PERMISSION TO COMMUNICATE WITH JURORS POST-TRIAL

    Defendant Fletcher, pursuant to Middle District of Florida Local Rule 5.02(d)(3)(A), respectfully moves this Court for permission to communicate with jurors who were unable to reach a unanimous verdict as to Fletcher. As grounds for this motion, Fletcher proposes to communicate with consenting members of the jury to learn more about his own case, the strengths and weaknesses of his arguments and styles, and the effectiveness of how his case was presented. The purpose of this motion and the communications, if permitted, is *not* to challenge the validity of the verdicts against Jorge Perez and Ricardo Perez.

I.    **STATEMENT OF FACTS**

    1.    Taking the evidence in the light most favorable to the government and using the government's press statements, rural hospitals were used to fraudulently bill private insurance companies approximately $1.4 billion. See https://www.justice.gov/opa/pr/ten-defendants-charged-14-billion-rural-hospital-pass-through-billing-scheme (last visited June 29, 2022).

2. After investigating the case for years, obtaining a superseding indictment, paying experts approximately $500,000 in fees, calling 42 witnesses, and admitting approximately 355 exhibits, the jury was only able to reach verdicts on some of the counts against Jorge Perez and Ricardo Perez. See https://www.justice.gov/opa/pr/two-individuals-convicted-14-billion-health-care-fraud-scheme-involving-rural-hospitals (last visited June 29, 2022).[1]

3. In addition to the money the Department of Justice spent, the trial consumed significant financial resources of the judiciary. Specifically, the Court occasionally provided lodging to a juror, paid jurors from May 9, 2022 to June 27, 2022, and funded appointed counsel for Defendants Jorge Perez, Ricardo Perez, Sean Porter, Aaron Alonzo and Nestor Rojas.

4. Witnesses, some at Court expense, traveled from throughout the United States, including from California and Michigan, to testify.

5. It took two days to select a jury and several alternates. During the trial many jurors were unable to sit for the duration of the trial and were excused.

6. After 24-trial days, the jury was, by its own report, unable to reach verdicts on Fletcher and five co-defendants.

---

[1] The Department of Justice omitted telling the public through its press release about the inability of the jury to reach verdicts on six defendants.

7. The government has communicated with the defense counsel that it intends to demand a retrial.

8. Even assuming the remaining counts against Jorge Perez and Ricardo Perez are dismissed in advance of trial, Fletcher anticipates the trial will nonetheless take several weeks and consume significant additional judicial resources.

9. The Court knows that attorneys practicing criminal law before this Court rarely, if ever, seek the opportunity to acquire feedback from the jury about the trial, largely because juries usually reach verdicts that conclude the matter. The posture of this case, however, creates both that opportunity and need because a retrial may be inevitable. Fletcher would be aided by learning which aspects of the case influenced, or failed to influence, the jury.

## II.   MEMORANDUM OF LAW

There exists no absolute prohibition, either in this Court or in the Eleventh Circuit, against contacting jurors post-trial when no verdict was reached.[2] Indeed, L.R. 5.02(d)(3)(A) allows for such contact when permitted by the Court. However, Rule 5.02(d)(3)(A) sets forth no standards for granting permission.

Permission to communication with the jurors here is not sought to harass the jurors in any way. Fletcher seeks only a firsthand evaluation of what he did

---

[2] Rule 606(b), Federal Rules of Evidence, prohibits inquiry into a verdict. As no verdict was reached and Fletcher does not seek to impeach the verdicts the jury did reach, Rule 606(b) is not applicable here.

3

or did not do well at trial, and in part to aid him in determining whether a retrial is in his best interest.

Certainly, if a particular juror does not consent to communicate with Fletcher's counsel, then Fletcher will abide by that juror's decision. Fletcher is not fishing for evidence of misconduct; he is only pursuing the rare opportunity to learn from the unique posture of this case.

### III.   CONCLUSION

**WHEREFORE**, Defendant Fletcher respectfully moves this Court to grant this motion.

    Respectfully submitted,

    **STEVEN H. SADOW, P.C.**

    *s/ Steven H. Sadow*
    **STEVEN H. SADOW**
    Georgia Bar Number 622075
    260 Peachtree Street, N.W.
    Suite 2502
    Atlanta, Georgia 30303
    Telephone: (404) 577-1400
    stevesadow@gmail.com
    Attorney for Defendant Fletcher

LAW OFFICES OF
HORWITZ & CITRO, P.A.

*s/ Vincent A. Citro*
**VINCENT A. CITRO**
Florida Bar Number: 0468657
17 East Pine Street
Orlando, Florida 32801
Telephone: (407) 843-7733
vince@horwitzcitrolaw.com
Attorney for Defendant Fletcher

## CERTIFICATE OF SERVICE

I certify that on June 29, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*s/ Vincent A. Citro*
**VINCENT A. CITRO**
Florida Bar Number: 0468657