**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

v.  CASE NO. 3:20-cr-86-TJC-JBT

JORGE PEREZ, et al.

## O R D E R

This case is before the Court on Defendant Fletcher's Motion for Permission to Communicate with Jurors Post-Trial (Doc. 777), his Amended Motion for Sanctions (Doc. 782), and Defendant Zaffuto's Motion to Extend Time to Submit Brief on Motion for Judgment of Acquittal (Doc. 789). Several defendants moved to adopt each motion. (Docs. 779, 783, 784, 785).[1] The Court heard the motions on July 5, 2022, the record of which is incorporated by reference. Accordingly, it is hereby

**ORDERED:**

1. The motions to adopt that were filed prior to the hearing (Docs. 779, 783, 784, 785) and all ore tenus motions to adopt made during the hearing are **GRANTED**.

---

[1] Defendant Aaron Durall also notified the Court that he joined Fletcher's Motion for Permission to Communicate with Jurors Post-Trial. (Doc. 778).

2. Fletcher's Motion for Permission to Communicate with Jurors Post-Trial (Doc. 777) is **GRANTED, subject to the following limitations**. Defense counsel may communicate with a juror about his or her individual impressions of the proceedings and the evidence. However, defense counsel may **not** speak with any juror about the jury's deliberation process or internal discussions, and should caution any juror not to talk about the deliberation process or any internal discussions. Additionally, if a juror does not wish to speak, counsel must cease the conversation immediately, and must not contact that juror any further. Defense counsel are encouraged to coordinate among themselves about contacting the jurors to reduce repetitive contact.

3. Fletcher's Amended Motion for Sanctions (Doc. 782) is **GRANTED IN PART**. No later than **Thursday**, **July 7, 2022 at 12:00 PM**, the government shall provide to the Court in camera and under seal a memorandum that recapitulates its conversation with the juror with whom it previously spoke. The memorandum must identify the juror's name, the time and date of the conversation, all participants in the conversation, how long the conversation lasted, and everything that was said in the conversation by any participant (including each government counsel), in as much detail and as accurately as possible. The Court will then determine how to proceed. Additionally, the government may not have any further communication with any juror. The Amended Motion for Sanctions is otherwise **DENIED**.

4. Zaffuto's Motion to Extend Time to Submit Brief on Motion for Judgment of Acquittal (Doc. 789), joined in by all other defendants, seeking an extension of time to file any motion made under Federal Rules of Criminal Procedure 29 or 33 is **GRANTED**. Any defendant may file a motion under Federal Rules of Criminal Procedure 29 or 33 no later than **July 27, 2022**. The Government shall file its response no later than **August 17, 2022.**

**DONE AND ORDERED** in Jacksonville, Florida this 6th day of July, 2022.



TIMOTHY J. CORRIGAN
United States District Judge

ksm
Copies:

Counsel of Record
U.S. Probation
U.S. Pretrial Services
U.S. Marshals Service
Defendants