**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.                                                                CASE NO. 3:20-cr-86-TJC-JBT

AARON DURALL,
CHRISTIAN FLETCHER,
NEISHA ZAFFUTO and
AARON ALONZO

**O R D E R**

This case is before the Court because the Government intends to call witness Billy Joe Taylor during the retrial commencing on February 21, 2023. (See Docs. 893, 914). Taylor is a cooperating witness who pled guilty in a criminal case in the Western District of Arkansas. (Doc. 893 at 1). He did not testify in the first trial. On December 22, 2022, the Government first notified the Court of its intent to introduce Taylor's lay opinion testimony about excessive medical testing and his experience as a clinical lab technician and owner. Id. at 1–2. The Notice also stated Taylor will testify about his "dealings" with several defendants, including Christian Fletcher and Aaron Durall, and "related companies." Id. at 1. After the Government filed its Notice, Neisha Zaffuto's counsel, Joshua Lowther, filed a Notice of Conflict where he stated that he previously represented Taylor in the Western District of Arkansas

criminal case and that Lowther withdrew from that representation because of "a complete breakdown of the attorney-client relationship." (Doc. 902).

During a hearing on January 6, 2023, the Court sought clarification from the Government about Taylor's factual involvement in the case. Counsel for the Government described that Taylor was not "directly related" to the alleged health care fraud scheme in this case, as he never met Fletcher nor Durall, but that he would testify about alleged telephone conversations with Fletcher and Durall where he learned of the scheme (which he never joined). (See Doc. 920 at 10–11). Further, the Government did not anticipate Taylor would testify about Zaffuto. In response, both counsel for Zaffuto and Fletcher reiterated the potential conflict for Zaffuto's counsel if the Government called Taylor and how that conflict could materialize at trial. The Government asked for an opportunity to assess its decision to call Taylor as a witness, which the Court granted.

The Government then filed a second Notice and proposed that it be allowed to call Taylor, but redact Lowther's name from any pro se pleadings filed by Taylor in his criminal case and never refer to Taylor's former counsel (Lowther) by name. (Doc. 914). Defendant Fletcher responded, arguing that Taylor's testimony be excluded under Federal Rules of Evidence 403 and 404 because his testimony bears little, if any, relevance to the case. (Doc. 917 at 3). Further, to the extent any relevance is assumed, Fletcher contends that the

2

probative value of Taylor's testimony is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, wasting time, and needlessly presenting cumulative evidence. Id. He also contends the Government fails to satisfy Rule 404(b)(3)(B) because it has not articulated reasoning supporting that it may call Taylor as a rebuttal witness. Id; see also Doc. 922.

The Court agrees with Defendant Fletcher that Taylor's testimony should be excluded under Federal Rule of Evidence 403.[1] Based on the Government's Notices (Docs. 893, 914) and the Government's proffer during the January 6, 2023 hearing, Taylor's anticipated factual testimony is at most marginally relevant, if at all. The Court also is dubious that Taylor may give his proposed lay opinion testimony. Taylor's activities were unrelated to Defendants' alleged conduct, as the Government admits he was not in the same relationships with the hospitals as Defendants. At most, his testimony is minimally relevant and cumulative. Further, if Taylor is allowed to testify, his testimony creates a conflict for Lowther's representation of Zaffuto. The Court is reluctant to create a conflict for Zaffuto and deprive her of her choice of counsel as she prepares for retrial.[2] Finally, the Government's effort to limit or circumscribe Taylor's

---

[1] While ultimately agreeing with Defendant Fletcher's position, the Court found Fletcher's written response in which it accused the Government of being "disingenuous" itself to be disingenuous. (Doc. 917 at 4).

[2] Indeed, the Government stated it "has no interest in Mr. Lowther being

3

testimony to avoid the conflict is a non-starter because it would improperly limit cross examination by the Defendants and still place Zaffuto's counsel in an untenable position.

When all is said and done, Taylor's proposed testimony is at most marginally relevant. And any minimal probative value of Taylor's testimony is substantially outweighed by the confusion and unfair prejudice it would engender. FED. R. EVID. 403.[3]

Accordingly, it is hereby

**ORDERED:**

1. The Court precludes the Government from calling Billy Joe Taylor as a witness at trial.

2. Lowther's Notice of Conflict (Doc. 902) is moot and he can continue to represent Zaffuto.

---

replaced as Ms. Zaffuto's counsel, which could delay this trial or possibly cause a severance." (Doc. 914 at 2). Any potential waiver of conflict by both Zaffuto and Taylor is unworkable.

[3] As the Court was finalizing this Order, the Government filed a supplemental submission regarding Taylor's testimony. (Doc. 920). Having considered this submission, the Court is only more convinced that the conflict with Lowther's representation of Taylor and Zaffuto would be problematic. Moreover, the Government's elaboration on Taylor's factual testimony only further demonstrates that his admissible testimony is very limited, if relevant at all. Accordingly, the Court remains convinced that under Rule 403, any marginal probative value of his testimony is substantially outweighed by the danger of confusion and unfair prejudice.

**DONE AND ORDERED** in Jacksonville, Florida this 26th day of January, 2023.



TIMOTHY J. CORRIGAN
United States District Judge

ksm
Copies:

Counsel of record
U.S. Probation
U.S. Pretrial Services
U.S. Marshals Service
Defendants