**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.                                                                CASE NO. 3:20-cr-86-TJC-JBT

AARON DURALL,
CHRISTIAN FLETCHER,
NEISHA ZAFFUTO and
AARON ALONZO

**O R D E R**

This case is before the Court on a discovery matter. On January 27, 2023, the Government filed an unopposed motion requesting an in camera review of certain documents pertaining to witnesses Ligotti and Hernandez that the Government has not produced (or produced redacted versions of) to Defendants. (Doc. 924). In its motion, the Government contends that it need not produce the documents because they "are not discoverable in this case" and contain discussions of ongoing investigations and uncharged individuals and entities. Id. Further, the Government is willing to stipulate that Ligotti and Hernandez have engaged in criminal behavior as medical directors at other facilities as described in their charging and plea documents. Id. The Court granted the motion and ordered Defendants to file a response stating why disclosure was required. (Doc. 925). Defendant Fletcher responded, arguing that the

documents must be disclosed for Defendants to know the full extent of the witnesses' cooperation and for potential impeachment purposes. (Doc. 934).

The Court has reviewed the documents submitted by the Government in camera. The documents concern each witness's involvement in potential criminal conduct with many people in a large number of healthcare facilities across the country. Besides Ligotti and Hernandez, none of the people or facilities identified in the documents are involved in this case. As the information contained in the documents is not factually relevant to this case, and as these documents are part of ongoing investigations where individuals have not been charged, the Court finds that the documents—with one exception—are not material to the preparation of the defense and therefore the Government need not produce the documents under Federal Rule of Criminal Procedure 16 or its Brady/Giglio obligations. See Brady v. Maryland, 373 U.S. 83 (1963); Giglio v. United States, 405 U.S. 150 (1972). However, the Court finds the Government must produce one report regarding Hernandez dated May 16, 2022. This report relates to Hernandez's alleged criminal involvement in one facility that may resemble alleged criminal conduct in this case. The Government may redact the name of the facility and the File Number from the report.

Accordingly, it is hereby

**ORDERED:**

1. The Government must produce a copy of the report dated May 16, 2022 as described above no later than **February 21, 2023**. Otherwise, the Government need not produce the documents submitted to the Court for <u>in camera</u> review to Defendants, so long as the Government stipulates that the witnesses have engaged in criminal behavior as medical directors at other facilities.

2. The Defendants will be permitted latitude on cross examination to question the witnesses generically about the scope of their illegal activities and involvement with a wide range of individuals and facilities.

**DONE AND ORDERED** in Jacksonville, Florida this 17th day of February, 2023.



TIMOTHY J. CORRIGAN
United States District Judge

ksm
Copies:

Counsel of Record
U.S. Probation
U.S. Pretrial Services
U.S. Marshals Service
Defendants