UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA,

      v.                                      Case Number: 3:20-cr-86-TJC-JBT

CHRISTIAN FLETCHER,

_____/

### DEFENDANT CHRISTIAN FLETCHER'S BENCH MEMORANDUM ON ORDER OF QUESTIONING IN A DEFENSE CASE-IN-CHIEF

The right of cross examination is included in the Sixth Amendment right of an accused in a criminal case to confront the witnesses against him. *Pointer v. Texas*, 380 U.S. 400 (1965).

In the previous trial, co-defendant Perez called an expert witness, whose testimony on direct examination did not impact Mr. Fletcher. The government was the first to cross examine this expert, and elicited from him for the first time during that cross examination information that could potentially incriminate Mr. Fletcher. When Mr. Citro began his cross examination of this witness, a question arose as to the proper order of examination, and whether counsel for a defendant should conduct this examination as direct examination or cross examination.

During the discussion, the government's attorney, Mr. Winters, conflated "the defense" with defendant Fletcher, arguing that leading questions are not appropriate "unless he's trying to impeach or undermine the defenses' own

witness. Mr. Sadow, co-counsel for Mr. Fletcher, correctly pointed out that this expert was not "the defenses' own witness" but the witness of one of the eight defendants being tried.

The Court properly permitted cross-examination, but also expressed concern about the proper order of cross-examination. The Court indicated that in the future, it would require defendants to cross examine the defense witness before the government.

> [T]his is a defense expert who was put up. Potentially, you would have had the ability to cross-examine, maybe. I probably would have required you to do it before the government did it, because it's a defense expert. I'm just not sure we're going to get in the habit of having defense experts put up and then other defense lawyers getting up to – under the rubric of cross-examination.

Dkt. 747 (page 199) [emphasis added].

This statement indicates that the Court, too, may have conflated "the defense" with Mr. Fletcher or the other individual defendants.

The order of examination is a matter within the trial court's authority and discretion. Rule 611, Federal Rule of Evidence. One of the purposes of the court's authority is to avoid wasting time. Rule 611(a)(2). Ordinarily, cross-examination should not go beyond the subject matter of direct and matters affecting the witness's credibility, though the court may allow inquiry into additional matters

<u>as if on direct</u>. Rule 611(b) [emphasis added]. The court should allow leading questions on cross-examination. Rule 611(c)(1).

When the government, on cross-examination, elicits information which potentially incriminates Mr. Fletcher, that information should treated as elicited during direct examination, Rule 611(b), and Mr. Fletcher should be allowed to cross examine, including the use of leading questions, Rule 611(c).

The principal and essential purpose of confrontation is to secure for the opponent the opportunity of cross-examination. *Delaware v. Van Arsdall*, 475 U.S. 673, 678 (1986). Absent a waiver, denial of cross-examination is constitutional error of the first magnitude, which no showing of lack of prejudice can cure. *Smith v. Illinois*, 390 U.S. 129, 131 (1968), *quoting*, *Brookhart v. Janis*, 384 U.S. 1, 3 (1966).

Under the procedure tentatively contemplated by the Court at the first trial, the government would be permitted to cross examine a co-defendant's witnesses last, would be permitted to elicit new evidence from that witness, and the defendant affected by that new evidence – in this case, Mr. Fletcher – would be prohibited from testing that new evidence through cross examination, on the ground that he has already been permitted to cross examine the witness. Specifically, in this case, this procedure would prevent defense counsel from testing whether a generally expressed expert opinion which <u>might</u> apply to Mr.

3

Fletcher (and consequently could be argued by the government during closing <u>does</u> apply to Mr. Fletcher) does not actually apply to Mr. Fletcher. This would be error amounting to a denial of the Sixth Amendment right of cross-examination.

Potentially, the court might solve the problem by allowing Mr. Fletcher to conduct additional cross-examination after the government completes its cross-examination, limited to matters raised by the government's cross-examination. Alternatively, the court could require the government to be the first party to cross examine, which would allow Mr. Fletcher's counsel to conduct cross-examination in such a way as to test the reliability of the witness's testimony as applied to Mr. Fletcher. Counsel suggests that the second possibility would better fulfill the purpose of avoiding wasting time. Rule 611(a)(2).

WHEREFORE, Mr. Fletcher requests the Court require the government to be the first party to cross examine, which would allow Mr. Fletcher's counsel to conduct cross-examination, if necessary, in such a way as to test the reliability of

the witness's testimony as applied to Mr. Fletcher.

Dated March 12, 2023.

Respectfully submitted,

**STEVEN H. SADOW, P.C.**

*s/ Steven H. Sadow*
**STEVEN H. SADOW**
Georgia Bar No. 622075
260 Peachtree Street, N.W., Suite 2502
Atlanta, Georgia 30303
Telephone: (404) 577-1400
Facsimile: (404) 577-3600
stevesadow@gmail.com
Admitted Pro Hac Vice

**LAW OFFICES OF
HORWITZ & CITRO, P.A.**

*s/ Vincent A. Citro*
**VINCENT A. CITRO**
Florida Bar Number: 0468657
17 East Pine Street
Orlando, Florida 32801
Telephone: (407) 843-7733
vince@horwitzcitrolaw.com

Attorneys for Defendant Christian Fletcher

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 12, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

_s/ Vincent A. Citro_
**VINCENT A. CITRO**
Florida Bar Number: 0468657
Attorney for Christian Fletcher